UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERIC J. ELDRED, JR., RICHARD BORDEN,                Civil Case No.: 08-CV-01171
MATTHEW CAEZZA, BRIAN FRANK, and                              (LEK)(DEP)
MARK MACLAURY on behalf of themselves
and those similarly situated,

                    Plaintiffs,

      -against-

COMFORCE CORP., and its subsidiary companies
Comforce Telecom, Inc., Comforce Information
Technologies, Inc., Comforce Technical Services, Inc.,
Comforce Technical, LLC, Comforce Operating, Inc.,
Sumtec Corp., and Prestige-Comforce Professional
Services, JOHN FANNING, individually and in his
Capacity as Chairman and Chief Executive Officer of
Comforce Corp., Comforce Information Tech., Inc.,
and Comforce Operating, Inc.; HARRY MACCARRONE,
individually and in his capacity as Chairman and
Chief Executive Officer of Comforce Telecom, Inc.,
Comforce Technical Services, Inc., and Sumtec Corp.;
PETER PETIX, individually and in his capacity as
Vice President and General Manager of Comforce
Telecom, Inc.; the COMMUNICATION WORKERS
of AMERICA; ANDY MILBURN, individually and
in his capacity as Vice-President of CWA District 6;
RICHARD KNEUPPER, individually and in his
Capacity as Assistant to District Vice-President of
CWA District 6; DONNA BENTLEY, individually
and in her capacity as CWA Staff Representative in
District 6; CWA LOCAL 6171; ALAN WHITTAKER,
individually and in his capacity as President of CWA
Local 6171; MIKE SIMMONS, individually and in his
past capacity as President of CWA Local 6171; and
LINDA JAMES, individually and in her capacity as
Executive Vice-President of CWA Local 6171;

                    Defendants.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS
BROUGHT ON BEHALF OF THE COMFORCE INDIVIDUAL DEFENDANTS
JOHN FANNING, HARRY MACCARRONE, AND PETER PETIX**

DUNCAN, FISH & VOGEL, L.L.P.
*Attorneys for Comforce Individual Defendants*
*John Fanning, Harry Maccarrone, and Peter Petix*
317 Middle Country Road
Smithtown, New York 11787
(631) 979-8001

*On the brief:*
    RICHARD E. FISH, ESQ.
    Bar No. 106619

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERIC J. ELDRED, JR., RICHARD BORDEN,                Civil Case No.: 08-CV-01171
MATTHEW CAEZZA, BRIAN FRANK, and                              (LEK)(DEP)
MARK MACLAURY on behalf of themselves
and those similarly situated,

    Plaintiffs,

  -against-

COMFORCE CORP., and its subsidiary companies
Comforce Telecom, Inc., Comforce Information
Technologies, Inc., Comforce Technical Services, Inc.,
Comforce Technical, LLC, Comforce Operating, Inc.,
Sumtec Corp., and Prestige-Comforce Professional
Services, JOHN FANNING, individually and in his
Capacity as Chairman and Chief Executive Officer of
Comforce Corp., Comforce Information Tech., Inc.,
and Comforce Operating, Inc.; HARRY MACCARRONE,
individually and in his capacity as Chairman and
Chief Executive Officer of Comforce Telecom, Inc.,
Comforce Technical Services, Inc., and Sumtec Corp.;
PETER PETIX, individually and in his capacity as
Vice President and General Manager of Comforce
Telecom, Inc.; the COMMUNICATION WORKERS
of AMERICA; ANDY MILBURN, individually and
in his capacity as Vice-President of CWA District 6;
RICHARD KNEUPPER, individually and in his
Capacity as Assistant to District Vice-President of
CWA District 6; DONNA BENTLEY, individually
and in her capacity as CWA Staff Representative in
District 6; CWA LOCAL 6171; ALAN WHITTAKER,
individually and in his capacity as President of CWA
Local 6171; MIKE SIMMONS, individually and in his
past capacity as President of CWA Local 6171; and
LINDA JAMES, individually and in her capacity as
Executive Vice-President of CWA Local 6171;

    Defendants.
------------------------------------------------------------X

## **TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS RELEVANT TO THIS MOTION . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    POINT I

        LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    POINT II

        PLAINTIFFS' CLAIMS AGAINST THE COMFORCE
        INDIVIDUAL DEFENDANTS CONTAINED IN THE
        FIRST, SECOND, THIRD, FOURTH, AND TWELFTH
        CAUSES OF ACTION MUST BE DISMISSED AS
        SAME ARE PREEMPTED BY THE LABOR MANAGEMENT
        RELATIONS ACT AND ARE TIME-BARRED THEREUNDER. . . . . . 8

    POINT III

        PLAINTIFFS' CLAIMS AGAINST THE COMFORCE
        INDIVIDUAL DEFENDANTS CONTAINED IN THE
        FIRST, SECOND, THIRD, AND FOURTH CAUSES
        OF ACTION AND MADE PURSUANT TO THE FAIR
        LABOR STANDARDS ACT AND THE NEW YORK
        LABOR LAW MUST BE DISMISSED FOR FAILURE
        TO STATE A CLAIM UPON WHICH RELIEF CAN BE
        GRANTED AND BECAUSE SAME ARE TIME-BARRED. . . . . . . . . . 9

    POINT IV

        PLAINTIFFS' CLAIMS AGAINST THE COMFORCE
        INDIVIDUAL DEFENDANTS CONTAINED IN THE
        FIFTH CAUSE FOR THIRD-PARTY BENEFICIARY
        /UNJUST ENRICHMENT MUST BE DISMISSED
        AS TIME-BARRED AND BECAUSE THE DAVIS-BACON
        ACT BARS A PRIVATE RIGHT OF ACTION ON
        PREVAILING WAGE CLAIMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

POINT V

    PLAINTIFFS' CLAIMS AGAINST THE COMFORCE
    INDIVIDUAL DEFENDANTS CONTAINED IN THE
    TWELFTH CAUSE OF ACTION MUST BE DISMISSED
    AS THEIR CIVIL RICO CLAIM IS DUPLICATIVE OF
    THEIR FAIR LABOR STANDARDS ACT CLAIM,
    TIME-BARRED, AND FAILS TO STATE A CLAIM
    UPON WHICH RELIEF MAY BE GRANTED . . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ERIC J. ELDRED, JR., RICHARD BORDEN,　　　　Civil Case No.: 08-CV-01171
MATTHEW CAEZZA, BRIAN FRANK, and　　　　　　　　　　　　　　(LEK)(DEP)
MARK MACLAURY on behalf of themselves
and those similarly situated,

　　　　　　　Plaintiffs,

　　　-against-

COMFORCE CORP., and its subsidiary companies
Comforce Telecom, Inc., Comforce Information
Technologies, Inc., Comforce Technical Services, Inc.,
Comforce Technical, LLC, Comforce Operating, Inc.,
Sumtec Corp., and Prestige-Comforce Professional
Services, JOHN FANNING, individually and in his
Capacity as Chairman and Chief Executive Officer of
Comforce Corp., Comforce Information Tech., Inc.,
and Comforce Operating, Inc.; HARRY MACCARRONE,
individually and in his capacity as Chairman and
Chief Executive Officer of Comforce Telecom, Inc.,
Comforce Technical Services, Inc., and Sumtec Corp.;
PETER PETIX, individually and in his capacity as
Vice President and General Manager of Comforce
Telecom, Inc.; the COMMUNICATION WORKERS
of AMERICA; ANDY MILBURN, individually and
in his capacity as Vice-President of CWA District 6;
RICHARD KNEUPPER, individually and in his
Capacity as Assistant to District Vice-President of
CWA District 6; DONNA BENTLEY, individually
and in her capacity as CWA Staff Representative in
District 6; CWA LOCAL 6171; ALAN WHITTAKER,
individually and in his capacity as President of CWA
Local 6171; MIKE SIMMONS, individually and in his
past capacity as President of CWA Local 6171; and
LINDA JAMES, individually and in her capacity as
Executive Vice-President of CWA Local 6171;

　　　　　　　Defendants.
----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS
BROUGHT ON BEHALF OF THE COMFORCE INDIVIDUAL DEFENDANTS
JOHN FANNING, HARRY MACCARRONE, AND PETER PETIX**

## INTRODUCTION

Defendants, **JOHN FANNING**, individually and in his Capacity as Chairman and Chief Executive Officer of Comforce Corp., Comforce Information Tech., Inc., and Comforce Operating, Inc.; **HARRY MACCARRONE**, individually and in his capacity as Chairman and Chief Executive Officer of Comforce Telecom, Inc., Comforce Technical Services, Inc., and Sumtec Corp.; **PETER PETIX**, individually and in his capacity as Vice President and General Manager of Comforce Telecom, Inc. (hereinafter collectively referred to as the **"COMFORCE INDIVIDUAL DEFENDANTS"**), by their attorneys Duncan, Fish & Vogel, L.L.P., submit this memorandum of law in support of their motion to dismiss the above action filed by Plaintiffs, **ERIC J. ELDRED, JR., RICHARD BORDEN, MATTHEW CAEZZA, BRIAN FRANK,** and **MARK MACLAURY** on behalf of themselves and those similarly situated (hereinafter collectively referred to as the **"PLAINTIFFS"**), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A review of the facts with accompanying documentation as plead in Plaintiffs' Second Amended Complaint along with an analysis of the applicable case law in this matter amply illustrate that the allegations as set forth therein do not provide plausible grounds to infer actionable conduct on the part of the **COMFORCE INDIVIDUAL DEFENDANTS**.

Plaintiffs' Second Amended Complaint, therefore, must be dismissed in its entirety as a matter of law.

## PRELIMINARY STATEMENT

It is with great difficulty that the **COMFORCE INDIVIDUAL DEFENDANTS** attempt to address the Plaintiffs' Second Amended Complaint as it relates to them. Although **JOHN FANNING, HARRY MACCARRONE, and PETER PETIX** are each named in the headings for the First, Second, Third, Fourth, Fifth, and Twelfth Claims, it is only on the Twelfth Claim that Plaintiffs' seek relief against said these individual defendants.

The Court is respectfully requested to note that this Second Amended Complaint is, in fact, the Plaintiffs' third failed attempt to submit an intelligible set of pleadings. There was the initial Complaint filed on December 8, 2008. Plaintiffs then amended that Complaint as of right, and filed an Amended Complaint on December 31, 2008. Apparently believing that "the third time is the charm," the Plaintiffs next sought, and were granted, the Court's permission to serve still another set of amended pleadings with the Second Amended Complaint being filed on January 30, 2009. Regretfully, the **COMFORCE INDIVIDUAL DEFENDANTS** are no more enlightened as to the exact allegations against them now than they were after reading the first Complaint.

In fact, the allegations contained in Plaintiffs' Second Amended Complaint amount to nothing more than a recitation of the fact that the **COMFORCE INDIVIDUAL DEFENDANTS** are corporate officers of **COMFORCE CORP.**, and/or one of its subsidiaries, engaged in performing their duties as corporate officers in the normal and regular course of operating the business of **COMFORCE CORP.**

Accordingly, the **COMFORCE INDIVIDUAL DEFENDANTS** are seeking to dismiss the First, Second, Third, Fourth, Fifth, and Twelfth causes of action, but

3

respectfully reserve the right to move against any and all other causes of action that the Court may deem to include claims against these three in their individual capacities.

The Court is also respectfully referred to the annexed Affirmation of Richard E. Fish, with its accompanying exhibits for a full recitation of the facts and circumstances relevant to this motion. The **COMFORCE INDIVIDUAL DEFENDANTS** further respectfully join in the Motion to Dismiss as submitted by the **COMFORCE CORP. DEFENDANTS**.

## STATEMENT OF FACTS RELEVANT TO THIS MOTION

The **PLAINTIFFS'** Second Amended Complaint is deficient on its face. Despite the numerous and sundry assertions made therein, any and all claims made by the Plaintiffs are time-barred and/or fail to state a cause of action upon which relief may be granted. As a matter of law, even accepting those factual assertions as true and construing them in a light most favorable to the Plaintiffs, as this Court must do when considering a motion to dismiss, the Plaintiffs fail to meet their burden of establishing the plausibility of actionable conduct on the part of any of the Defendants.

As a matter of fact, many of the Plaintiffs' assertions are simply without any factual basis, and the **COMFORCE INDIVIDUAL DEFENDANTS** vehemently deny any and all inferences and allegations of wrongful conduct. Moreover, there are certain facts important to the Court's consideration of the various motions to dismiss of which the Court is respectfully requested to take judicial notice. Accordingly, an historical background relevant to the Court's consideration is hereby provided through the annexed affirmation of Arthur A. Feltman, Esq., Vice President and General Counsel of **COMFORCE CORP.** (Fish Affirmation, Exhibit "B"), as follows:

4

**COMFORCE INDIVIDUAL DEFENDANT JOHN FANNING** originally founded a company known as "UNIFORCE" in the 1950s. (Feltman Affirmation, ¶4) The company went public in the early 1980s, with Mr. Fanning remaining the majority shareholder. (Feltman Affirmation, ¶4)

In November of 1997, UNIFORCE was purchased by a company known as "COMFORCE OPERATING, INC" (hereinafter referred to as "COI"), a wholly-owned direct subsidiary of COMFORCE CORP., a publicly traded company listed on the American Stock Exchange. (Feltman Affirmation, ¶6)

At that time (November, 1997), COMFORCE TELECOM, INC. was one of the subsidiaries of COI, and was not a business UNIFORCE had ever been involved in. (Feltman Affirmation, ¶7) In October of 1998, approximately one year later, Mr. Fanning bought out the interests of the principals of COMFORCE CORP. (Feltman Affirmation, ¶8) He reassumed the position of Chairman and President/CEO, and regained controlling interest (although not majority interest) in the stock of Comforce. (Feltman Affirmation, ¶8)

In acquiring a controlling interest of the company now known as COMFORCE CORP. in October of 1998, it assumed responsibility for COMFORCE TELECOM, INC., a wholly-owned subsidiary of COMFORCE CORP. (Feltman Affirmation, ¶9)

It was at this time that **COMFORCE INDIVIDUAL DEFENDANT HARRY MACCARRONE**, the former Chief Financial Office of UNIFORCE, assumed a similar financial position with COMFORCE as well as later becoming the Chief Financial Officer of COMFORCE CORP., and also assuming the position of President and Chairman of COMFORCE TELECOM. (Feltman Affirmation, ¶9)

5

Upon information and belief, **COMFORCE INDIVIDUAL DEFENDANT PETER PETIX** was hired by COMFORCE TELECOM, INC. sometime in 1998, prior to Mr. Fanning's purchase of the stock of the principals of COMFORCE CORP. (Feltman Affirmation, ¶10) Also, upon information and belief, at the time Mr. Petix was hired as Senior Vice President of COMFORCE TELECOM, the company was already under contract with the Texas local of the Communication Workers of America (CWA). (Feltman Affirmation, ¶10)

Contrary to the claims of Plaintiffs, the records of COMFORCE TELECOM clearly indicate that over a 10-year period commencing January 1, 1998, through December 1, 2008, in excess of $200,000.00 in union dues were withheld and paid to the CWA. (Feltman Affirmation, ¶11, Exhibit "C") For the first few years, COMFORCE TELECOM paid those funds directly to the CWA local in Texas. Thereafter, the records reveal that the deductions were forwarded directly by COMFORCE TELECOM to CWA national headquarters located in Washington, D.C. (Feltman Affirmation, ¶11) This ministerial act of paying the union dues was undertaken by the COMFORCE TELECOM accounting department as a routine business transaction and neither required, nor received, any action or input from either **FANNING, MACCARRONE, or PETIX**. (Feltman Affirmation, ¶11)

Although Mr. Petix's name appears as the signatory to the SUMTEC CORP. contract with the CWA, upon information and belief, the contracts he executed were merely an extension of a then existing contract which pre-dates both Mr. Petix's employment with the company and the Fanning reacquisition. (Feltman Affirmation, ¶12) In fact, the initial contract with the CWA pre-dates the involvement of any of the

6

Individual Defendants on behalf of COMFORCE CORP. (Feltman Affirmation, ¶12) The company's records that would reveal exactly when the first contract of this nature was executed no longer exist for that time period. (Feltman Affirmation, ¶12)

The simple fact remains, however, that the initial contractual arrangement with CWA Local 6171 predates both the purchase of the stock of the COMFORCE principals by **JOHN FANNING**, and the employment with COMFORCE TELECOM by any of the **COMFORCE INDIVIDUAL DEFENDANTS**. (Feltman Affirmation, ¶13)

It is respectfully submitted that Plaintiffs' Second Amended Complaint, even if considered in a light most favorable to Plaintiffs, fails to state a single cause of action against the **COMFORCE INDIVIDUAL DEFENDANTS**.

## ARGUMENT

## POINT I

## LEGAL STANDARD

On a motion to dismiss a complaint made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court merely assesses its legal viability. *See Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). The court "must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant," however, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. *See, Clapp v. Greene*, 743 F. Supp. 273, 276 (S.D.N.Y. 1990); *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988).

On such a motion, only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial

7

notice may be taken are considered. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960, 112 S.Ct. 1561 (1992); *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989).

The Supreme Court has recently held that, to state a claim, a plaintiff's "[f]actual allegations [if true] must be enough to raise a right to relief above the speculative level," and that there must be "plausible grounds to infer" actionable conduct, i.e., enough "to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-74 (2007)

## POINT II

### PLAINTIFFS' CLAIMS AGAINST THE COMFORCE INDIVIDUAL DEFENDANTS CONTAINED IN THE FIRST, SECOND, THIRD, FOURTH, AND TWELFTH CAUSES OF ACTION MUST BE DISMISSED AS SAME ARE PREEMPTED BY THE LABOR MANAGEMENT RELATIONS ACT AND ARE TIME-BARRED THEREUNDER

The **COMFORCE INDIVIDUAL DEFENDANTS** hereby respectfully request that this Court dismiss Plaintiffs' First, Second, Third, Fourth, and Twelfth causes of action as the same are preempted by the Labor Management Relations Act and are time-barred thereunder.

The arguments as set forth by the **COMFORCE CORPORATE DEFENDANTS** in the memorandum of law accompanying their motion to dismiss are hereby adopted by the **COMFORCE INDIVIDUAL DEFENDANTS** as if more fully set forth herein. The Court is respectfully referred to Pages 7-12, 14-19, and 22-28 of that memorandum for a full recitation of the legal argument as it applies hereto.

Based upon those arguments, it is respectfully submitted that the First, Second, Third, Fourth, and Twelfth Causes of Action as plead against the **COMFORCE**

8

**INDIVIDUAL DEFENDANTS** and set forth in Plaintiffs' Second Amended Complaint must similarly be dismissed in their entirety as a matter of law.

### POINT III

### PLAINTIFFS' CLAIMS AGAINST THE COMFORCE INDIVIDUAL DEFENDANTS CONTAINED IN THE FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION AND MADE PURSUANT TO THE FAIR LABOR STANDARDS ACT AND THE NEW YORK LABOR LAW MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND BECAUSE SAME ARE TIME-BARRED

The **COMFORCE INDIVIDUAL DEFENDANTS** hereby respectfully request that this Court dismiss Plaintiffs' First, Second, Third, and Fourth causes of action for failure to state a claim upon which relief may be granted under either the Fair Labor Standards Act or the New York Labor Laws and because same are time-barred.

The arguments as set forth by the **COMFORCE CORPORATE DEFENDANTS** in the memorandum of law accompanying their motion to dismiss are hereby adopted by the **COMFORCE INDIVIDUAL DEFENDANTS** as if more fully set forth herein. The Court is respectfully referred to Pages 7-12 and 14-19 of that memorandum for a full recitation of the legal argument as it applies hereto.

Based upon those arguments, it is respectfully submitted that the First, Second, Third, and Fourth Causes of Action as plead against the **COMFORCE INDIVIDUAL DEFENDANTS** and set forth in Plaintiffs' Second Amended Complaint must similarly be dismissed in their entirety as a matter of law.

## POINT IV

### PLAINTIFFS' CLAIMS AGAINST THE COMFORCE INDIVIDUAL DEFENDANTS CONTAINED IN THE FIFTH CAUSE FOR THIRD-PARTY BENEFICIARY /UNJUST ENRICHMENT MUST BE DISMISSED AS TIME-BARRED AND BECAUSE THE DAVIS-BACON ACT BARS A PRIVATE RIGHT OF ACTION ON PREVAILING WAGE CLAIMS

The **COMFORCE INDIVIDUAL DEFENDANTS** hereby respectfully request that this Court dismiss Plaintiffs' Fifth cause of action for failure to state a claim upon which relief may be granted as there is no private right of action to enforce contracts requiring the payment of prevailing wages under the Davis-Bacon Act and Plaintiffs' claims thereunder are time-barred.

The arguments as set forth by the **COMFORCE CORPORATE DEFENDANTS** in the memorandum of law accompanying their motion to dismiss are hereby adopted by the **COMFORCE INDIVIDUAL DEFENDANTS** as if more fully set forth herein. The Court is respectfully referred to Pages 19-21 of that memorandum for a full recitation of the legal argument as it applies hereto.

Based upon those arguments, it is respectfully submitted that the Fifth Cause of Action as plead against the **COMFORCE INDIVIDUAL DEFENDANTS** and set forth in Plaintiffs' Second Amended Complaint must similarly be dismissed in its entirety as a matter of law.

## POINT V

### PLAINTIFFS' CLAIMS AGAINST THE COMFORCE INDIVIDUAL DEFENDANTS CONTAINED IN THE TWELFTH CAUSE OF ACTION MUST BE DISMISSED AS THEIR CIVIL RICO CLAIM IS DUPLICATIVE OF THEIR FAIR LABOR STANDARDS ACT CLAIM, TIME-BARRED, AND FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

The **COMFORCE INDIVIDUAL DEFENDANTS** hereby respectfully request that this Court dismiss Plaintiffs' Twelfth cause of action for failure to state a claim upon which relief may be granted as their Civil RICO claim is duplicative of their Labor Management Relations Act and Fair Labor Standards Act claims, is time-barred, and fails to state a claim upon which relief may be granted.

The arguments as set forth by the **COMFORCE CORPORATE DEFENDANTS** in the memorandum of law accompanying their motion to dismiss are hereby adopted by the **COMFORCE INDIVIDUAL DEFENDANTS** as if more fully set forth herein. The Court is respectfully referred to Pages 7-9 and 22-28 of that memorandum for a full recitation of the legal argument as it applies hereto.

Based upon those arguments, it is respectfully submitted that the Twelfth Cause of Action as plead against the **COMFORCE INDIVIDUAL DEFENDANTS** and set forth in Plaintiffs' Second Amended Complaint must similarly be dismissed in its entirety as a matter of law.

## CONCLUSION

For all of the aforementioned reasons, the Second Amended Complaint as against the **COMFORCE INDIVIDUAL DEFENDANTS** should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the individual defendants should be granted attorneys' fees, costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated: Smithtown, New York
       March 2, 2009

                Respectfully submitted,

                DUNCAN, FISH, & VOGEL, L.L.P.
                *Attorneys for Comforce Individual*
                *Defendants John Fanning, Harry*
                *Maccarrone, and Peter Petix*

                By:_____/s/_____
                RICHARD E. FISH
                Bar No. 106619
                317 Middle Country Road
                Smithtown, New York 11787
                (631) 979-8001