UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ERIC J. ELDRED, JR., RICHARD BORDEN,
MATTHEW CAEZZA, BRIAN FRANK, and
MARK MACLAURY on behalf of themselves
and those similarly situated,

               Plaintiffs,

  -against-

COMFORCE CORP., et al.,

               Defendants.

Case No. 08-CV-01171
(LEK) (DEP)

**DEFENDANT COMFORCE
CORP., AND ITS
SUBSIDIARY COMPANIES
COMFORCE TELECOM,
INC., COMFORCE
INFORMATION
TECHNOLOGIES, INC.,
COMFORCE TECHNICAL
SERIVCES, INC. COMFORCE
TECHNICAL, LLC,
COMFORCE OPERATING,
INC., SUMTEC CORP., AND
PRESTIGE-COMFORCE
PROFESSIONAL SERVICES'
MEMORANDUM OF LAW IN
SUPPORT OF THEIR
MOTION TO DISMISS THE
SECOND AMENDED
COMPLAINT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FARRELL FRITZ, P.C.
*Attorneys for Defendants
Comforce Corp., and its subsidiary
companies Comforce Telecom, Inc.,
Comforce Information Technologies,
Inc., Comforce Technical Services,
Inc., Comforce Technical, LLC,
Comforce Operating, Inc., Sumtec
Corp., and Prestige-Comforce
Professional Services*
1320 RexCorp Plaza
Uniondale, New York 11556
(516) 227-0700

*Of Counsel*:
    James M. Wicks
    Domenique Camacho Moran
    Lucia Bauknight

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ i

PRELIMINARY STATEMENT ................................................................................................1

SUMMARY OF FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT ..................2

ARGUMENT ..........................................................................................................................5

POINT I
THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE
    A CLAIM UPON WHICH RELIEF CAN BE GRANTED ..............................................5

    A.  Applicable Legal Authority ........................................................................................5

    B.  The Second Amended Complaint Should Be Dismissed As To Corporate Comforce
    Defendants Against Whom Plaintiffs Make No Allegations ...............................................6

POINT II
PLAINTIFFS' FIRST, SECOND, THIRD, FOURTH, SIXTH, TENTH, ELEVENTH,
    TWELFTH, FOURTEENTH AND FIFTEENTH CAUSES OF ACTION SHOULD BE
    DISMISSED BECAUSE THEY ARE PRE-EMPTED BY THE LABOR
    MANAGEMENT RELATIONS ACT AND ARE TIME-BARRED THEREUNDER .....7

    A.  The Broad Pre-emptive Power of the LMRA ..............................................................7

    B.  Because Plaintiffs' First and Second Causes of Action for FLSA Violations Rest on
    Interpretation of the Collective Bargaining Agreement, They Are Pre-empted by Section
    301 of the LMRA....................................................................................................................9

    C.  Plaintiffs' Third Cause of Action Against the Corporate Comforce Defendants for
    Unauthorized Withholding of Wages is Governed Expressly by the CBA and Is,
    Therefore, Pre-empted by the LMRA ................................................................................11

    D.  Plaintiffs' Sixth Cause of Action for Third-Party Beneficiary to the CBA and Unjust
    Enrichment is Governed Expressly by the CBA and Is, Therefore, Pre-empted by the
    LMRA ....................................................................................................................................12

    E.  Plaintiffs' Tenth Cause of Action for Labor Law Retaliation as to Eldred and
    Plaintiffs' Eleventh Cause of Action for Wrongful Termination of Eldred Are Governed
    by the CBA and Are, Therefore, Pre-empted by the LMRA ............................................13

F.  Plaintiffs' Fourteenth Cause of Action for Conversion and Fifteenth Cause of Action for Fraud Are Pre-empted by the LMRA and the FLSA .................................................13

G.  Plaintiffs' Pre-empted First, Second, Third, Fourth, Sixth, Sixth Tenth, Eleventh, Fourteenth and Fifteenth Causes of Action Are Time-Barred under the LMRA ............14

H.  Plaintiffs' Seventh Cause of Action Against the Corporate Comforce Defendants for Violations of the Labor Management Relations Act Is Time-Barred...............................15

POINT III
THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT CONTAINS
CAUSES OF ACTION THAT ARE TIME-BARRED OR FAIL TO STATE A CLAIM UPON
    WHICH RELIEF CAN BE GRANTED .........................................................................16

A.  Plaintiffs' First and Second Causes of Action Against the Corporate Comforce Defendants for Unpaid Overtime Are Time-Barred and Fail to State a Claim Upon Which Relief Can Be Granted  ......................................................................................16

B.  Plaintiffs' Third Cause of Action Against the Corporate Comforce Defendants for Unauthorized Withholding of Wages Is Time-Barred and Fails to State a Claim Upon Which Relief Can Be Granted  ......................................................................................17

C.  Plaintiffs' Fourth Cause of Action for Unpaid Wages and Overtime Under New York Labor Law Is Time-Barred ............................................................................................18

D.  Plaintiffs' Fifth and Sixth Causes of Action Against the Corporate Comforce Defendants for Third Party Beneficiary, Common Law Contract Claims, and Unjust Enrichment Are Time-Barred, Fail to State a Claim Upon Which Relief Can Be Granted and Must Be Dismissed Because Plaintiffs Have an Adequate Remedy at Law...............19

E.  Plaintiffs' Tenth Cause of Action Against the Corporate Comforce Defendants for Labor Law Retaliation As To Eldred Is Time-Barred and Fails to State a Claim Upon Which Relief Can Be Granted  ......................................................................................21

F.  Plaintiffs' Eleventh Cause of Action Against the Corporate Comforce Defendants for Wrongful Termination Is Time-Barred and Fails to State a Claim Upon Which Relief Can Be Granted ...............................................................................................................22

G.  Plaintiffs' Twelfth Cause of Action Against the Corporate Comforce Defendants for Civil RICO Violations Is Time-Barred and Fails to State a Claim Upon Which Relief Can Be Granted ...............................................................................................................22

    a.  Plaintiffs' failure to plead fraud with particularity ...........................................25

    b.  Plaintiffs' do not allege that they were injured by the Corporate Comforce Defendants' Acts...............................................................................................27

H.  Plaintiffs' Fourteenth Cause of Action for Conversion Is Time-Barred and Fails to State a Claim Upon Which Relief Can Be Granted..........................................................28

I.  Plaintiffs' Fifteenth Cause of Action Against the Corporate Comforce Defendants for Fraud Is Time-Barred and Fails to State a Claim Upon Which Relief can Be Granted ....30

CONCLUSION ........................................................................................................................34

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.,*
   483 U.S. 143 (1987)......................................................................................................23

*AIG Global Secs. Lending Corp. v. Banc of Am. Secs. LLC,*
   254 F.Supp.2d 373 (S.D.N.Y. 2003).............................................................................32

*Allis-Chalmers Corp. v. Lueck,*
   471 U.S. 202 (1985)......................................................................................................13

*Anatian v. Coutts Bank Ltd.,*
   193 F.3d 85 (2d Cir. 1999)............................................................................................25

*Anza v. Ideal Steel Supply Corp.,*
   547 U.S. 451, 126 S.Ct. 1991 (2006)...........................................................................27

*Bankers Trust Co., v. Rhoades,*
   859 F.2d 1096 (2d Cir. 1988)........................................................................................24

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 127 S.Ct. 1955 (2007)........................................................................5, 6

*Berman v. Goldsmith,*
   141 A.D.2d 487 (2d Dept. 1988) .................................................................................29

*Bernheim v. Litt,*
   79 F.3d 318 (2d Cir.1996)...............................................................................................5

*Bridge v. Phoenix Bond & Indemnity Co.*
   128 S.Ct. 2131 (2008)...................................................................................................26

*Broder v. Cablevision Systems, Corp.,*
   418 F.3d 187 (2d Cir. 2005)..........................................................................................20

*Caterpillar, Inc. v. Williams,*
   482 U.S. 386 (1987).......................................................................................................7

*Chan v. City of New York,*
   1 F3d 96 (2d Cir. 1993).................................................................................................20

*Choimbol v. Fairfield Resorts, Inc.,*
  2006 WL 2631791 (E.D. Va. Sept. 11, 2006) ........................................................................ 23

*Clayton v. Automobile Workers,*
  451 U.S. 679 (1981) .......................................................................................................... 8, 12

*Conley v. Gibson,*
  355 U.S. 41 (1957) ................................................................................................................... 5

*Conradt v. NBC Universal, Inc.,*
  536 F.Supp.2d 380 (S.D.N.Y. 2008) ...................................................................................... 6

*DelCostello v. Int'l Bhd. of Teamsters,*
  462 U.S. 151 (1983) .......................................................................................................... 8, 15

*DLJ Mortg. Capital, Inc. v. Kontogiannis,*
  2009 WL 141497 (E.D.N.Y. 2009) ....................................................................................... 25

*DLT Res. v. Credit Lyonnais Rouse, Ltd.,*
  No. 00-CV-3560, 2001 WL 25695 (S.D.N.Y. Jan. 10, 2001) ............................................... 23

*Dover Ltd. v. A.B. Watley,*
  423 F.Supp.2d 303, 328 (S.D.N.Y. 2006) ...................................................................... 29, 32

*Dragone v. Bob Bruno Excavating, Inc.*
  45 A.D.3d 1238 (3d Dept. 2007) .......................................................................................... 19

*Eno Farms Coop. Assoc. Inc. v. Corp. for Indep. Living,*
  2007 WL 3308016 (D.Conn. Nov. 5, 2007) .......................................................................... 24

*Farey-Jones v. Buckingham,*
  132 F.Supp.2d 92 (E.D.N.Y.2001) ....................................................................................... 32

*First Capital Asset Management, Inc. v. Satinwood, Inc.,*
  385 F.3d 159 (2d Cir.2004) ............................................................................................. 25, 26

*Fund v. JWJ Contracting Co.,*
  135 F.3d 671 (9th Cir. 1998) ................................................................................................ 20

*Gelmac Quality Foods, Inc., v. Ronning,*
  23 AD3d 1019 (N.Y. App. Div. 2005) .................................................................................. 30

*Gordon v. Kaleida Health,*
  08-CV-3785, 2008 WL. 5114217 (W.D.N.Y. 2008) ............................................................. 12

*Gordon v. Kaleida Health,*
  2008 WL 5114217 ........................................................................................................... 12, 17

*Grochowski v. Phoenix Construction,*
   318 F.3d 80 (2d Cir. 2003).................................................................................20

*Health Extras, Inc. v. SG Cowen Secs. Corp.,*
   2004 WL 97699 (S.D.N.Y. 2004).......................................................................32

*Hines v. Anchor Motor Freight, Inc.,*
   424 U.S. 554 (1976)...............................................................................................8

*Holmes v. Sec. Investor Prot. Corp.,*
   503 U.S. 258 (1992).............................................................................................27

*In re Merrill Lynch Ltd. P'ships Litig.,*
   154 F.3d 56 (2d Cir.1998)....................................................................................23

*Int'l Bhd. of Elec. Workers v. Hechler,*
   481 U.S. 851 (1987)...............................................................................................8

*Iqbal v. Hasty,*
   490 F.3d 143 (2d Cir. 2007)...................................................................................6

*Jara v. Strong Steel Door, Inc.,*
   2008 WL 3823769 (N.Y.Sup.Ct., 2008)..............................................................10

*Korthas v. Northeast Foods, Inc.,*
   2006 WL 519401 (Feb. 27, 2006, N.D.N.Y.) ..................................................7, 10

*Kurins v. Silverman,*
   2009 WL 321011 (S.D.N.Y. 2009)......................................................................25

*Leeds v. Meltz,*
   85 F.3d 51 (2d Cir. 1996).......................................................................................6

*Levy v. Verizon Info. Servs., Inc.,*
   498 F. Supp.2d 586 (E.D.N.Y. 2007) ...................................................................8

*Lewis v. Rosenfeld,*
   138 F.Supp.2d 466 (S.D.N.Y. 2001)....................................................................32

*Livadas v. Bradshaw,*
   512 U.S. 107 (1994)...............................................................................................7

*Local 802, Assoc., Musicians of Greater New York v. Parker Meridien Hotel,*
   145 F.3d 85 (2d Cir.1998)....................................................................................14

*Marcus v. Frome,*
   329 F.Supp.2d 464 (S.D.N.Y. 2004).....................................................................32

*Marren v. Ludlam,*
  14 AD3d 667 (2d Dept. 2005) ...............................................................................................10

*Morris v. Castle Rock Entm't,*
  246 F.Supp.2d 290 (S.D.N.Y. 2003)......................................................................................32

*Moss v. Morgan Stanley Inc.,*
  719 F.2d 5 (2d Cir.1983) cert denied.........................................................................24, 25, 27

*Nat'l Group for Commc'ns and Computers Ltd. v. Lucent Techs. Inc.,*
  420 F.Supp.2d 253 (S.D.N.Y. 2006)......................................................................................23

*Patane v. Clark,*
  508 F.3d 106 (2d Cir. 2007)......................................................................................................6

*Pecoraro v. M & T Bank Corp.,*
  11 AD3d 950 (4th Dept. 2004) ...............................................................................................29

*Phansalkar v. Andersen Weinroth & Co., L.P.,*
  175 F.Supp.2d 635 (S.D.N.Y. 2001).......................................................................................29

*Rebaudo v. AT&T,*
  562 F.Supp.2d 345 (D.Conn. 2008)....................................................................................8, 12

*Reilly v. Natwest Markets Group, Inc.,*
  178 F.Supp.2d 420 (S.D.N.Y. 2001).......................................................................................21

*San Diego Bldg. Trades Council v. Garmon,*
  359 U.S. 236 (1959)...................................................................................................................7

*Sedima, S.P.R.L. v. Imrex Co., Inc.,*
  473 U.S. 479 (1985)...........................................................................................................27, 28

*Sheehan v. U.S. Postal Service,*
  6 F.Supp.2d 141(N.D.N.Y. 1997)...............................................................................13, 15, 16

*Sporn v. MCA Records,*
  58 N.Y.2d 482 (1983) ..............................................................................................................28

*Suez Equity Investors L.P. v. Toronto-Dominion Bank,*
  250 F.3d 87 (2d Cir. 2001).......................................................................................................26

*Tho Dinh Tran v. Alphonse Hotel Corp.,*
  281 F.3d 23 (2d Cir. 2002).......................................................................................................23

*Trafalgar Power Inc. v. Aetna Life Ins. Co.,*
  396 B.R. 584 (N.D.N.Y. 2008).................................................................................................20

*United Auto. Aerospace and Agric. Implement Workers of America, Local 33 v. R.E.*
*Dietz Co.,*
  996 F.2d 592 (2d Cir. 1993)......................................................................................15

*United States v. Ramirez,*
  420 F.3d 134 (2d Cir. 2005).....................................................................................25

*United Steel Workers of Am. v. Rawson,*
  495 U.S. 362 (1990).....................................................................................................8

*Vaca v. Sipes,*
  386 U.S. 171 (1967).....................................................................................................8

*Vadino v. Valey Engineers,*
  903 F.2d 253 (3d Cir. 1990)..................................................................................9, 10

*Vera v. Saks & Co.,*
  335 F.3d 109 (2d Cir. 2003)..............................................................................7, 8, 11

*W.E. Darin Construction Enterprises, Inc. v. Detroit Coke Co.,*
  814 F.Supp. 325 (W.D.NY. 1993)...........................................................................26

*Welch v. General Motors Corp., Buick Motor Div.,*
  922 F.2d 287 (6th Cir. 1990) .............................................................................10, 12

*Zhong v. August August Corp.,*
  498 F.Supp.2d 625 (S.D.N.Y. 2007).......................................................................17

## STATUTES

18 United States Code Annotated § 1961 ..................................................................25

18 United States Code Annotated § 1962(a)..............................................................25

29 United States Code Annotated § 185 ........................................................7, 10, 11

29 United States Code Annotated § 185(1) ...............................................................15

29 United States Code Annotated § 185(a)...................................................................7

29 United States Code Annotated § 255(a)................................................................16

Federal Rules of Civil Procedure § 9(b) ......................................................25, 26, 32

Federal Rules of Civil Procedure § 12(b)(6)................................................................5

Federal Rules of Civil Procedure § 9(b) ...................................................................32

Federal Rules of Civil Procedure § 9(b) ........................................................................32

New York Civil Practice Law and Rules § 206 ............................................................29

New York Civil Practice Law and Rules § 213(8) .......................................................30

New York Civil Practice Law and Rules § 213(b) .......................................................30

New York Civil Practice Law and Rules § 214(3) .......................................................28

New York Labor Law § 193 ........................................................................11, 12, 18

New York Labor Law § 198 ........................................................................17, 19

New York Labor Law § 215 ........................................................................21, 22

New York Labor Law § 220 ........................................................................10, 19

New York Labor Law § 220(g) ........................................................................19

Interwoven\953780.10

Defendant Comforce Corporation ("Comforce Corp."), and its subsidiary companies Comforce Telecom, Inc., Comforce Information Technologies, Inc., Comforce Technical Services, Inc. Comforce Technical, LLC, Comforce Operating, Inc., Sumtec Corp., and Prestige-Comforce Professional Services (each a "Comforce Entity," collectively, "Comforce Entities" or "Corporate Comforce Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Amended Complaint of Eric J. Eldred, Jr. ("Eldred"), Richard Borden ("Borden"), Matthew Caezza ("Caezza"), Brian Frank ("Frank"), and Mark Maclaury ("Maclaury") (collectively, "Plaintiffs"). The Corporate Comforce Defendants join in the Motions to Dismiss submitted by the Individual Comforce Defendants and the Union Defendants.

## PRELIMINARY STATEMENT

Plaintiffs bring this action based upon alleged wage and hour violations and alleged corrupt activities by the Comforce Entities and the union with which they worked, the Communication Workers of America. The underlying theme of their lawsuit is that Plaintiffs paid unwillingly for union benefits that they never received. Plaintiffs' complaint, even in its *third* iteration, is rife with inconsistencies, inaccuracies, and clear indications that this action is a fishing expedition for deep pockets that could yield income for disgruntled former and current employees of the Comforce Entities.

Plaintiffs allege that Comforce Corp. or its subsidiaries denied them, and others similarly situated, prevailing wages, overtime pay, per diem payment and mileage reimbursement. They do not, however, cite a single specific example of alleged overtime worked but unpaid by any Comforce Entity, a single example of a per diem payment allegedly owed, or mileage reimbursement allegedly due. Moreover, Plaintiffs mistakenly support these claims with inapplicable law. Plaintiffs also allege that they are part of a group of telecommunications

workers, through employment arranged by Comforce Corp. or one of its subsidiaries, who were denied meaningful union benefits to which they were entitled as a result of Comforce's allegedly unauthorized deduction of union dues from their paychecks. Plaintiffs further allege that CWA collaborated with the Corporate Comforce Defendants to defraud and exploit Plaintiffs for their own financial gain. Indeed, Plaintiffs allege no specific facts with respect to their wage claims: they offer no number of hours worked, no payments that any Comforce Entity made that were deficient. They cite precious little specific financial information whatsoever to support their claims. Instead, Plaintiffs make sweeping and baseless allegations of fraud and exploitation of telecommunications workers that Comforce Corp. or its subsidiaries employed.

Plaintiffs assert claims that are duplicative, time-barred, pre-empted by applicable sections of the Labor Management Relations Act ("LMRA") and otherwise legally insufficient but all of which ultimately seek the relief for the same alleged conduct: defendants' purported failure to adhere to the terms of the applicable collective bargaining agreement. For the foregoing reasons and as set forth more fully below, this Court should grant the Corporate Comforce Defendants' motion to dismiss the Second Amended Complaint with prejudice.

## SUMMARY OF FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT

The following is a summary of allegations in the Amended Complaint and documents referenced therein. The Corporate Comforce Defendants vehemently dispute the accuracy of the facts as Plaintiffs allege in their Second Amended Complaint. For the purpose of this motion to dismiss only, however, the Comforce Entities accept the facts as alleged.

Comforce Corp. is a professional staffing company with numerous subsidiaries including, but not limited to, Comforce Telecom, Inc.; Comforce Information Technologies, Inc.; Comforce Technical Services, Inc.; Comforce Technical, LLC; Comforce Operating, Inc.,

Sumtec Corp. ("Sumtec"), Prestige-Comforce Professional Services ("PCPS"); Comforce Staffing

Inc., and Comforce Technical Services. Second Amended Complaint ("SAC") ¶ 38. Comforce

Corp. works in interstate commerce in the business of obtaining contracts and providing workers to

engineer, furnish and install telecommunications equipment in commercial buildings around the

country. SAC ¶ 86.

### Plaintiffs' Employment with the Comforce Entities and Their Union Membership

Plaintiffs began working for Comforce Corp. or one of its subsidiaries in the mid-1990s as

installers or supervisor installers of telecommunications equipment. SAC ¶¶ 24, 87. Thereafter,

Plaintiffs became members in the Communication Workers of America ("CWA") union through its

Local 6171 affiliate in Krum, Texas ("CWA Local 6171"). SAC ¶ 24. Plaintiffs allege that they

were and still are members of CWA Local 6171. SAC ¶¶ 25, 96, 128. Plaintiffs were covered by a

collective bargaining agreement between Sumtec and CWA dated July 2003 (the "CBA") which

provided collective bargaining rights to Sumtec Corp. employees, governed its relationship with

its employees, and outlined the grievance process. SAC ¶¶ 42, 97, 143-151, Ex. 1.[1]  Eldred

obtained a copy of the CBA from Donna Bentley ("Bentley"), a CWA representative, on February

23, 2006. SAC ¶ 76. The CBA includes an authorization form for the deduction of union dues

from the members' pay. SAC ¶ 98. Plaintiffs state that they did not authorize these deductions.

SAC ¶¶ 98, 113 - 114, 148a.

Plaintiffs worked for the Comforce Entities at jobs around the country and stayed on location

for the duration of each job. SAC ¶ 87. Travel to and from the different cities ranged in duration.

SAC ¶ 134. Plaintiffs were to receive an hourly rate and a per diem rate, which varied based upon

job location and contractual arrangement. SAC ¶¶ 88, 90. Installers would have the option of

---

[1]      Plaintiffs' Second Amended Complaint contains duplicate paragraph numbers for paragraphs 146-151. For
ease of reference, we refer to the Second set of paragraphs numbered 146-151 as 146a – 151a.

accepting work offered or declining it, which they rarely did. SAC ¶ 91. Some jobs on which

Plaintiffs and those similarly situated worked for the Comforce Entities required union workers.

SAC ¶ 99. For union jobs, a Comforce Entity issued, through the mail or electronically,

temporary union cards for its employees from CWA through CWA Local 6171. SAC ¶¶ 92, 162.

Eldred, who received union cards early in his employment, alleges that when he did inquire

about the union and lack of representation and he was laid off for three months. SAC ¶¶ 109, 111.

Plaintiffs characterize their employment with the Comforce Entities as a "pay to play"

system wherein they had to pay money to CWA to work on union jobs. SAC ¶ 108. Plaintiffs

claim that they did not know that some jobs were union jobs until after they received their

paychecks and saw that union dues were withheld. SAC ¶ 94. Comforce Corp. and its

subsidiaries prohibited employees from speaking each other about pay or union status. SAC ¶

95. Plaintiffs were also instructed not to discuss the union at a job location among themselves or

with other trades. SAC ¶ 110. Plaintiffs allege that the Comforce Entities failed to pay the

Plaintiffs prevailing wages (SAC ¶¶ 129, 130), required overtime (SAC ¶¶ 133, 137 - 140) and

adequate per diem and mileage reimbursements (SAC ¶¶ 130, 137-140).

Plaintiffs state that they did not have any direct contact with CWA or CWA Local

6171 during their employment with the Comforce Entities. SAC ¶ 103. They did not receive a

CBA prior to February 23, 2006 or other union information regarding union responsibilities,

membership, any grievance process, or benefits. SAC ¶¶ 105, 106, 149. They allege that a Comforce

Entity representative told them that they had no CBA, no union representation, and no special rights or

privileges. SAC ¶ 108.

### Eldred's Separation from Comforce

Eldred alleges that, on several occasions throughout his employment with Comforce Corp.

or its subsidiaries, the per diem reimbursement rate that was offered to him when he accepted a

4

specific assignment was unilaterally reduced by Comforce after he had arrived at the job site.  SAC ¶ 116.  Eldred alleges that a Comforce Entity unilaterally changed his per diem rate on numerous occasions, last in October and November of 2005.  SAC ¶¶ 116, 117.  At that time, Eldred accepted the job and prepared to leave for the job site in Philadelphia.  SAC ¶ 118.  He alleges that a Comforce Entity changed the per diem rate then, when Eldred expressed dissatisfaction, worked to reinstate the original rate.  SAC ¶ 120.  Allowing an extra day for negotiation of the per diem rate, he then traveled to Philadelphia but, once there, rejected the per diem range finally offered and declined work.  SAC ¶ 120, 122.  Caezza remained in Philadelphia at the set per diem rate.  SAC ¶ 123.  Following his rejection of the Philadelphia job, Eldred did not work for any Comforce Entity again.  SAC ¶ 124, 125.  When Eldred sought unemployment thereafter, the New York State Unemployment Insurance Appeals Board determined that Comforce Corp. or a subsidiary terminated Eldred's employment for cause but allowed him to keep his benefits.  SAC ¶¶ 125, 126.  Eldred did not have union representation at his unemployment hearings.  SAC ¶ 127.

## ARGUMENT

## POINT I

### THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.    Applicable Legal Authority**

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007). "In its recent decision in *Bell Atlantic*, the Supreme Court announced the 'retirement' of the oft-quoted 'no set of facts' language from *Conley v. Gibson*, 355 U.S. 41, 45-47 (1957), adopting in

5

its place a "plausibility" requirement." *Conradt v. NBC Universal, Inc.*, 536 F.Supp.2d 380, 388

(S.D.N.Y. 2008) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).

According to the Second Circuit, this "flexible 'plausibility standard' . . . obligates a pleader to

amplify a claim with some factual allegations in those contexts where such amplification is

needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). This

Court need not accept as true, however, bald assertions or conclusions of law. *Leeds v. Meltz*, 85

F.3d 51, 53 (2d Cir. 1996). Ultimately, the court must determine whether the pleading alleges

"'enough facts to state a claim for relief that is plausible on its face.'" *Patane v. Clark*, 508 F.3d

106, 111-12 (2d Cir. 2007) quoting *Bell Atl. Corp.*, 127 S.Ct. at 1960. A formulaic recitation of

the elements of a cause of action will not suffice. The factual allegations of a complaint "must

be enough to raise a right to relief above the speculative level…" *Bell Atl. Corp.* 127 S.Ct. at

1964-5

Applying these standards to the allegations in the Amended Complaint, as discussed

more fully below, demonstrates that Plaintiffs have asserted claims that are either pre-empted by

applicable federal law, time-barred or which fail to state any claim against any Comforce Entity

upon which relief can be granted.

**B.    The Second Amended Complaint Should Be Dismissed As To Corporate Comforce Defendants Against Whom Plaintiffs Make No Allegations**

Plaintiffs make no allegations against certain of the Comforce Entities. Specifically,

Plaintiffs make no allegations against Comforce Corp. subsidiaries Comforce Information

Technologies, Inc., Comforce Technical Services, Inc. Comforce Technical, LLC, or Comforce

Operating, Inc. None of these Comforce Entities is named in the Amended Complaint or

supporting exhibits. Accordingly, all causes of action against Comforce Information

Technologies, Inc., Comforce Technical Services, Inc., Comforce Technical, LLC, and

Comforce Operating, Inc. should be dismissed.

## POINT II

**PLAINTIFFS' FIRST, SECOND, THIRD, FOURTH, SIXTH, TENTH, ELEVENTH, TWELFTH, FOURTEENTH AND FIFTEENTH CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE THEY ARE PRE-EMPTED BY THE LABOR MANAGEMENT RELATIONS ACT AND ARE TIME-BARRED THEREUNDER**

**A.    The Broad Pre-emptive Power of the LMRA**

Congress intended that the LMRA have "unusual pre-emptive power." *Livadas v. Bradshaw*, 512 U.S. 107, 122 n.16 (1994). Section 301 of the LMRA provides that "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce…may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a).

Section 301 of the LMRA pre-emptively governs suits containing claims that are inextricably intertwined with consideration of the terms of a labor contract. 29 U.S.C.A. § 185. This includes claims "founded directly on rights created by [CBAs], and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)). This includes "state-law claims where 'evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract.'" *Korthas v. Northeast Foods, Inc.*, 2006 WL 519401, *5 (Feb. 27, 2006, N.D.N.Y.) (quoting *Allis Chalmers*, 471 U.S. at 213). *See also Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir. 2003) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985) (when a state claim alleges a violation of a labor contract, section 301 of the LMRA pre-empts that claim and must resolve the claim by reference to federal law.)) *See also San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959) ("when an activity is arguably subject to section 7 or 8 of the [LMRA], the states as well as the federal

courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.")

"Section 301 contemplates suits by and against individual employees as well as between unions and employers." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976). An individual employee has standing to sue his or her employer under § 301 where the employee seeks to vindicate his or her "'uniquely personal' rights ... such as wages, hours, overtime pay, and wrongful discharge." *Hines*, 424 U.S. at 562 (internal citations omitted). To enforce these "uniquely personal" rights, an employee may bring a direct suit against the employer for breach of the collective bargaining agreement or against his or her union for breach of the duty of fair representation. *Hines*, 424 U.S. at 562; *United Steel Workers of Am. v. Rawson*, 495 U.S. 362 (1990); *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851 (1987). An employee may also bring a "hybrid" action against the employer and the union. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). Before doing so, however, an employee must first exhaust the grievance or arbitration process as provided for in the collective bargaining agreement before she can bring a suit based on the violation of the collective bargaining agreement. *Clayton v. Automobile Workers*, 451 U.S. 679, 681 (1981). *See also Rebaudo v. AT&T*, 562 F.Supp.2d 345 (D.Conn. 2008); *Vaca v. Sipes*, 386 U.S. 171, 184 (1967).

Pre-emption of state law claims by federal labor law is not restricted to common law causes of action. Courts have dismissed wage cases brought under New York Labor Law where those claims depended on interpretation of a CBA. *See Vera*, 335 F.3d 109 (2d Cir. 2003). *See also Levy v. Verizon Info. Servs., Inc.*, 498 F. Supp.2d 586, 597 (E.D.N.Y. 2007). Plaintiffs' state law claims are thus pre-empted by § 301 of the LMRA. As discussed in detail below, the LMRA also pre-empts Plaintiffs' federal claims, the adjudication of which is linked to the CBA.

8

The Plaintiffs expressly put at issue the CBA. Their complaint explicitly references it and relies on it by alleging that defendants allegedly violated the CBA by failing to adequately negotiate the travel time policy "as required by the collective bargaining agreement" and generally failing to follow the CBA. SAC ¶¶ 140, 143- 151. Plaintiffs may not use the CBA as both a shield and a sword. They rely on the CBA for their claims, and allege that the CBA governs their claims, an allegation that federal law supports. Yet they failed to exhaust the exclusive arbitration and grievance procedures provided thereunder. Accordingly, because Plaintiffs' first, second, third, fourth, fifth, tenth, eleventh, fourteenth and fifteenth causes of action require interpretation of the CBA, they are precluded by the LMRA and are time-barred thereunder. These claims should be dismissed.

**B.    Because Plaintiffs' First and Second Causes of Action for FLSA Violations Rest on Interpretation of the Collective Bargaining Agreement, They Are Pre-empted by Section 301 of the LMRA**

Because the CBA governs Plaintiffs' first, second and fourth claims, the grievance procedure outlined therein, and not this Court, is the appropriate forum for adjudication of these claims. The LMRA pre-empts FLSA claims where those claims rest on interpretation of a CBA. *See Vadino v. Valey Engineers*, 903 F.2d 253, 266 (3d Cir. 1990) (holding claims which rest on interpretations of the underlying collective bargaining agreement must be resolved pursuant to the procedures contemplated under the LMRA, specifically grievance, arbitration, and, when permissible, suit in federal court under section 301). Indeed, the FLSA does not provide a means for resolving disputes arising under a CBA. *See Vadino*, 903 F.2d at 266 (3d Cir. 1990). In *Vadino*, the Court explained that "[w]e are not aware of, nor has Vadino cited, any case where a court has resolved as a threshold matter in a FLSA action a dispute concerning the amount of

wages that should have been paid under the terms of the collective bargaining agreement." *Id.*
At 266.

The LMRA likewise pre-empts Plaintiffs' fourth cause of action based on state law.
"Section 301 pre-empts a plaintiff's state-law claims where 'evaluation of the tort claim is
inextricably intertwined with consideration of the terms of the labor contract.'" *Korthas v.
Northeast Foods, Inc.*, 2006 WL 519401, *5 (Feb. 27, 2006, N.D.N.Y.) (quoting *Allis Chalmers*,
471 U.S. at 213). *See also Vera* at 114.  When resolution of a state law claim is substantially
dependent upon analysis of terms of agreement made between parties in labor contract, that
claim must either be treated as § 301 claim, or dismissed as pre-empted by federal labor-contract
law.  Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.  *See also Vera* at 115.
"If the state claim 'creat[es] no new rights for an employee and impos[es] no new duty on a
union not already clearly present under existing federal law,' it is pre-empted." *Welch v. General
Motors Corp., Buick Motor Div.*, 922 F.2d 287, 294 (6th Cir. 1990) (quoting *Maynard v. Revere
Copper Products, Inc.*, 773 F.2d 733, 735 (6th Cir. 1985)).[2]

The CBA provides that "the Company recognizes the Union as the exclusive collective
bargaining representative for the purpose of collective bargaining with respect to rates of pay,
wages, hours of employment…"  SAC, Ex. 1, Art. I.  Plaintiffs concede that Comforce Entities
did enter into telecommunications installation contracts.  SAC ¶ 91, 92.  Comforce's entry into
contracts presumes that an agreement was reached with respect to wages, overtime, and per diem

---

2    While Plaintiffs' state law claim is clearly pre-empted by the LMRA, it is also barred on the grounds that
Plaintiffs failed to exhaust their administrative remedies in accordance with NYLL § 220.  Labor Law § 220 is the
appropriate statutory provision applicable to plaintiffs' claims regarding prevailing wages. *See, e.g., Jara v. Strong
Steel Door, Inc.*, 20 Misc.3d 1135(A), Slip Copy, 2008 WL 3823769 (N.Y.Sup.Ct., 2008).  Plaintiffs do not bring a
cause of action pursuant to Labor Law § 220, presumably because such claims would be precluded due to plaintiffs'
failure to exhaust their administrative remedies as required under Labor Law § 220.  No private right of action for
the underpayment of wages exists under Labor Law § 220 until an administrative determination in the employee's
favor has been made and has gone unreviewed or has been affirmed. *Marren v. Ludlam*, 14 AD3d 667, 669 (2d
Dept. 2005) citing *Pesantez v. Boyle Envtl. Servs.*, 251 AD2d 11, 12 (1st Dept. 1998).]

rates for each telecommunications installation contract. If Plaintiffs viewed their wages as a breach of the CBA, the grievance procedure to address such a complaint is clearly defined in Art. V of the CBA. Adjudication of Plaintiffs' FLSA and New York State labor law claims is inextricably linked to interpretation of the CBA. Here, Plaintiffs failed to exhaust their remedies under the CBA. Accordingly, their FLSA and state labor law claims should be dismissed.

**C.    Plaintiffs' Third Cause of Action Against the Corporate Comforce Defendants for Unauthorized Withholding of Wages Is Governed Expressly by the CBA and Is, Therefore, Pre-empted by the LMRA**

Although New York Labor Law, Section 193 precludes unauthorized deductions from an employee's pay, Plaintiffs' § 193 claim is pre-empted by Section 301 of the LMRA. 29 U.S.C.A. § 185. *See* Section II, A, *supra*. The Second Circuit has rejected attempts by plaintiffs to avoid LMRA pre-emption by bringing claims under NYLL § 193. *See Vera v. Saks & Co.*, 335 F.3d 109, 117 (2d Cir. 2003). The Court in *Vera* held specifically that a New York state law claim based upon NYLL § 193, where the remedy sought is provided for in the plaintiff's CBA, does not create a state right independent of the CBA. *Id.*

Here, Plaintiffs concede that, at all times relevant to this action, they were and still are CWA and Local 6171 members. SAC ¶¶ 24, 25 96, 248. Plaintiffs were required to pay union dues, were aware of that requirement, and did so. SAC ¶¶ 6, 11. By definition, that means that Plaintiffs were CWA members and their union dues deductions were presumptively authorized. SAC, Ex. 1, Arts. III, IV. Plaintiffs admit that, at the latest, they obtained a copy of the CBA on February 23, 2006. SAC ¶¶ 98, 104. Plaintiffs further admit that a Comforce Entity's allegedly unauthorized deductions of union dues violated the CBA. SAC ¶ 148. The CBA provides the exclusive remedy for employees alleging unauthorized deduction of wages: they must follow the grievance procedure described in the CBA. CBA SAC Ex. 1, Art. V. As a result, this claim is

inextricably intertwined with consideration of the terms of the CBA and is therefore pre-empted by Section 301. Because this claim is pre-empted, Plaintiffs were required to exhaust the grievance procedure outlined in the CBA. *Rebaudo*, 562 F.Supp.2d 345 (D. Conn. 2008). Plaintiffs have not done so. Accordingly, their third cause of action, claims for unauthorized wages in violation of New York Labor Law § 193 should be dismissed.

**D.    Plaintiffs' Sixth Cause of Action for Third-Party Beneficiary to the CBA and Unjust Enrichment Is Governed Expressly by the CBA and Is, Therefore, Pre-empted by the LMRA**

To maintain a cause of action outside of the LMRA, Plaintiffs must allege statutory right as a basis for their claim that is independent of the CBA. *Welch*, 922 F.2d 287 (6th Cir. 1990); *see also Gordon v. Kaleida Health*, Slip Copy, 08-CV-3785, 2008 WL. 5114217 (W.D.N.Y. 2008). Here again, Plaintiffs' claim is inextricably linked to the CBA. The very heart of their claim requires interpretation of the CBA: "Comforce...took actions in direct violation to the CBA." SAC ¶225. This substantial link of this cause of action to interpretation of the CBA mandates pre-emption by the LMRA. Moreover, Plaintiffs concede that their contract claim, a common law claim by definition, has no basis in statute. Likewise, their unjust enrichment claim, also a common law claim, has no statutory basis. Accordingly, the LMRA pre-empts this cause of action.

Because the LMRA pre-empts this claim, Plaintiffs are required to have exhausted the remedies provided in the CBA. *See, e.g., Clayton*, 451 U.S. 679 (1981); *Rebaudo*, 562 F.Supp.2d 345 (D. Conn. 2008). Plaintiffs received the CBA as of February 23, 2006. SAC Comp. ¶¶ 98, 104. The CBA provides that an aggrieved employee must follow the grievance procedure described in the CBA. SAC, Ex. 1, Art. V. Plaintiffs failed to do so. As a result, their sixth cause of action for common law contract and unjust enrichment claims should be dismissed.

**E.     Plaintiffs' Tenth Cause of Action for Labor Law Retaliation as to Eldred and
Plaintiffs' Eleventh Cause of Action for Wrongful Termination of Eldred Are
Governed Expressly by the CBA and Are, Therefore, Pre-empted by the LMRA**

Claims whose adjudication is inextricably linked to an applicable CBA are pre-empted by

the LMRA. *See* Section II, A. *supra.* In addition to the general pre-emption of CBA-derived

claims, it specifically governs state law claims of wrongful termination are pre-empted by the

LMRA. *See Sheehan v. U.S. Postal Service*, 6 F.Supp.2d 141(N.D.N.Y. 1997).

Article VI of the CBA provides that an employee may not be suspended, demoted

or discharged or otherwise disciplined except for just cause. SAC Ex. 1, Art. VI. "[W]hen

resolution of a state law claim is substantially dependent upon an analysis of the terms of a

collective bargaining agreement, that claim must either be treated as a § 301 claim or dismissed

as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 202,

(1985). Plaintiffs' seventh cause of action is inextricably intertwined with this provision of the

CBA and, thus, is pre-empted by the LMRA.

The CBA between Comforce and the CWA sets forth detailed grievance and arbitration

procedures. SAC Ex. 1, Art. V, VI. When a CBA contains an arbitration clause, as in this case

here, it is presumed that those procedures will govern grievances related to the terms of the CBA.

"Absent an 'express provision excluding a particular grievance from arbitration,' only the 'most

forceful evidence of a purpose to exclude the claim from arbitration' will satisfy a party's

'substantial hurdle' to rebut this presumption of arbitrability." *Vera* at 117 (2d Cir. 2003)

(quoting *Transit Mix Concrete Corp. v. Local Union No. 282,* 809 F.2d 963, 969 (2d Cir. 1987)).

Accordingly, Plaintiff Eldred's claims for labor law retaliation and for wrongful termination

must be dismissed.

**F.     Plaintiffs' Fourteenth Cause of Action for Conversion and Fifteenth Cause of Action
for Fraud Are Pre-empted by the LMRA and the FLSA**

Plaintiffs' state law claims for conversion and fraud are nothing more than a recharacterization of Plaintiffs' LMRA pre-empted claims set forth in their third, sixth and thirteenth causes of action. As such, Plaintiffs' fourteenth cause of action for conversion and fifteenth cause of action for fraud are also pre-empted by Section 301 of the LMRA, as are the causes of action addressed in Sections II, C and D, *supra*.

"If the state claim 'creat[es] no new rights for an employee and impos[es] no new duty on a union not already clearly present under existing federal law,' it is pre-empted." *Welch* at 294 (6th Cir. 1990) (quoting *Maynard v. Revere Coppr Products, Inc.*, 773 F.2d 733, 735 (6th Cir. 1985). Here, Plaintiffs' third claim, for unauthorized payroll deductions, is pre-empted by the LMRA and should be dismissed because Plaintiffs failed to exhaust remedies provided in the CBA. Likewise, Plaintiffs' unjust enrichment claims, claims rooted in the CBA and thus pre-empted by the LMRA, encompass their common law fraud claim.

In keeping with *Welch*, these state claims create no new rights for Plaintiffs whose rights already exist in the LMRA. Plaintiffs should not now be allowed to circumvent that federal law and bring claims under state law that are appropriately addressed in the grievance procedures outlined in the CBA. Plaintiffs' failure to avail themselves of available remedies in the CBA does not give them a new right to bring state claims for conversion and fraud.

**G.    Plaintiffs' Pre-empted First, Second, Third, Fourth, Sixth, Tenth, Eleventh, Fourteenth and Fifteenth Causes of Action Are Time-Barred under the LMRA**

Because Plaintiffs' first, second, third, fourth, sixth, tenth, eleventh, fourteenth and fifteenth causes of action are pre-empted by the LMRA, they are also time-barred therunder. Section 301 does not contain a statute of limitations period. *Local 802, Assoc., Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir.1998). "Because there is

no statute of limitations prescribed under § 301, courts typically apply the most closely

analogous state statute of limitations to § 301 claims." *United Auto. Aerospace and Agric.*

*Implement Workers of America, Local 33 v. R.E. Dietz Co.*, 996 F.2d 592, 596 (2d Cir. 1993)

(citing *Int'l Union, United Auto., Aerospace & Agric. Implement Workers v. Hoosier Cardinal*

*Corp.*, 383 U.S. 696, 704-05 (1966). "*R.E. Dietz Co.* explains that the statute of limitations for

'hybrid' claims involving allegations against both the employer and employee's union or claims

against the employer where the relevant CBA contains an arbitration claims is six months."

*Korthas* at *11 (citing *R.E. Dietz Co.* at 596). *See also DelCostello v. Int'l Bhd. of Teamsters*,

462 U.S. 151, 172 (1983).

The CBA here contains such an arbitration clause. At article V, the CBA provides for

arbitration and outlines timing for the grievance procedure. The inclusion of Article V's

arbitration clause triggers the six-month limitation period. *Korthas at *11*. Here, since Eldred's

last union dues deduction was taken in 2005, his claims are clearly time-barred. Even

generously extending his tolling date to the date he alleges he received the CBA, February 23,

2006, Plaintiff Eldred still misses the timely filing of an action by almost two years. To the

extent other Plaintiffs base their claims on events that took place more than six months before the

commencement of this action, those claims should also be dismissed as untimely.

**H.    Plaintiffs' Seventh Cause of Action Against the Corporate Comforce Defendants for
       Violations of the Labor Management Relations Act Is Time-Barred**

Although pre-emption does not apply to this claim, it is nevertheless time-barred. "The

Supreme Court has held that in an action where employees sue both their employer for breach of

the collective bargaining agreement pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(1)

(1982) and their union for breach of the duty of fair representation (so-called 'hybrid' actions),

the action must be brought within six months of accrual. *Sheehan v. U.S. Postal Service*, 6

15

F.Supp.2d 141, 145 (N.D.N.Y. 1997) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S.
151, 169-171 (1983) (adopting limitations period provided by Section 10(b) of the National
Labor Relations Act, 29 U.S.C. § 160(b)). "The Supreme Court reasoned that the 'six month
period established by the' NLRA was 'designed to accommodate a balance of interests very
similar to those at stake" in a 'hybrid' claim." *Sheehan*, 6 F.Supp 2d at 145 (quoting *DelCostello*
at 169.) Here, the Second Amended Complaint constitutes such a "hybrid" claim with LMRA
violation allegations at ¶¶ 227-234 and duty of fair representation claims at ¶¶ 235-240.

As discussed in Section II, H, *supra*, the statute of limitations for actions brought under
Section 301 of the LMRA is six months. *See DelCostello*, at 169-171; *Korthas*, 2006 at *11
(citing *R.E. Dietz Co.* at 596).

Here, Eldred alleges he only received a copy of the CBA on February 23, 2006, well after
his employment was terminated. SAC ¶¶ 98, 104. Giving Eldred the benefit of the doubt, he
had six months from that date – until approximately August 23, 2006 - to file this claim. He did
not file until more than two years later, on October 31, 2008. Clearly, this claim is time-barred
and should be dismissed.

**POINT III**

**THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT
CONTAINS CAUSES OF ACTION THAT ARE TIME-BARRED OR FAIL
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**A.    Plaintiffs' First and Second Causes of Action Against the Corporate Comforce
Defendants for Unpaid Overtime Are Time-Barred and Fail to State a Claim Upon
Which Relief Can Be Granted**

These claims are time-barred. Plaintiffs seek damages for unpaid overtime pursuant to
the FLSA. The FLSA provides that the statute of limitations on a cause of action for unpaid
overtimes is two years. 29 U.S.C. § 255(a). Where an employer's failure to pay overtime is
willful, the limitations period is three years. *Id.* Plaintiffs allege that Comforce Corp. and/or

16

Sumtec willfully failed to make overtime payments for travel exceeding four hours even in excess of a forty-hour work week. SAC ¶ 182. Plaintiff Eldred abandoned his job in early November 2005 and has not worked for any Comforce Entity since then. Accordingly, all Plaintiff Eldred's claims for unpaid overtime are time-barred under either prong of the statute. Allowing Plaintiffs the most generous timetable, the Court should dismiss any claims to the extent they arose prior to October 31, 2005.

Moreover, Plaintiffs fail to state a claim upon which relief can be granted. At a minimum, to allege a violations of the FLSA's minimum wage and hour provisions, Plaintiffs must, "at least approximately, allege the hours worked, for which wages were not received." *Zhong v. August August Corp.*, 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007). To establish an FLSA claim for overtime, a plaintiff must prove that "1) he was an employee who was eligible for overtime; and 2) that he actually worked overtime hours for which he was not compensated." *Gordon v. Kaleida Health*, 2008 WL 5114217, *2, fn. 2 (W.D.N.Y. 2008) citing *Whalen v. J.P. Morgan Chase & Co.*, 569 F.Supp.2d 327, 329 – 330 (W.D.N.Y. 2008). Plaintiffs have failed to allege an approximate number of hours worked for which they were not paid the prevailing rates. They have not alleged what the prevailing wages were. Accordingly, without alleging the basic elements of their first and second causes of action, Plaintiffs have failed to state a claim upon which relief can be granted. Their first and second causes of action should be dismissed.

### B.    Plaintiffs' Third Cause of Action Against the Corporate Comforce Defendants for Unauthorized Withholding of Wages Is Time-Barred and Fails to State a Claim Upon Which Relief can be Granted

Plaintiffs' claim for damages pursuant to NYLL § 198 is time-barred. Section 198 provides that "an action commenced to recover upon liability imposed by this article must be commenced within six years." NYLL § 198. Plaintiffs allege that they were union members in

the union at all times relevant to the Second Amended Complaint. SAC ¶ 25. Plaintiffs allege that they began employment with the Comforce Entities in the mid-1990s. SAC ¶ 24. Union membership required union dues which Plaintiffs allege were deducted from their paychecks. SAC ¶ 29. In sum, Plaintiffs concede, through these allegations, that they paid union dues and were union members beginning in the mid-1990s. To the extent Plaintiffs' unauthorized deduction claims arose prior to October 31, 2002, those claims are barred.

Plaintiffs' third cause of action also fails to state a claim upon which relief can be granted. § 193 provides for the authorized deduction of payments from employees paychecks for dues or assessments to a labor organization. Plaintiffs contend that these were unauthorized deductions but then, in complete contradiction, rely on current union membership and benefits in their Complaint. SAC ¶¶ 200-204, 143-151. Plaintiffs allege that they are still members in good standing of CWA. SAC ¶ 25. Such reliance on Plaintiffs' membership and benefits creates a presumption of approval for the deductions of these payments to CWA Local 6171. SAC ¶¶ 24, 25. Plaintiffs may not have their cake and eat it too: either the dues are presumptively authorized by Plaintiffs' reliance on union membership and benefits or they are not authorized, barring Plaintiffs' assertion that they were entitled to union representation, union benefits, and collective bargaining. If Plaintiffs take the position that they did not authorize these payments then they may be entitled to reimbursement of those deductions but they should not be entitled to union benefits. SAC ¶160. Prior to this lawsuit Plaintiffs have not sought reimbursement or a refund of allegedly unauthorized paycheck deductions for union dues. Plaintiffs' third cause of action should be dismissed.

**C.    Plaintiffs' Fourth Cause of Action for Unpaid Wages and Overtime Under New York Labor Law Is Time-Barred**

New York Labor Law § 198 provides that actions instituted upon wage claims must be commenced within six (6) years. NYLL § 198. *See also Dragone v. Bob Bruno Excavating, Inc.*, 45 A.D.3d 1238 (3d Dept. 2007). To the extent Plaintiffs' claims arose before October 31, 2002, those claims should be dismissed.

**D.     Plaintiffs' Fifth and Sixth Causes of Action Against the Corporate Comforce Defendants for Third Party Beneficiary, Common Law Contract Claims, and Unjust Enrichment Are Time-Barred, Fail to State a Claim Upon Which Relief Can Be Granted and Must Be Dismissed Because Plaintiffs Have an Adequate Remedy at Law**

New York State Labor Law provides that an action for an employee affected under NYLL § 220 to recover alleged underpayment from the contractor, the subcontractor or both must be commenced within one year of the date of the last alleged underpayment. NYLL § 220(g). Plaintiffs' fifth and sixth causes of actions are based in part upon the theory that they were not paid the applicable prevailing wages for their public projects. This underlying theory is time-barred under state law and precluded under federal law. If Plaintiffs were not paid the prevailing wages during their employment, they were required to bring an action against their contractor, subcontractor (or the issuer of a construction bond) within one year of the last alleged underpayment. Because Plaintiff Eldred's last job with any Comforce entity was in October 2005, his last alleged underpayment necessarily occurred prior to November 2005. His third party beneficiary claims for unjust enrichment are untimely and, therefore should be dismissed. Plaintiff Borden ceased employment with any Comforce Entity in 2004. Accordingly, his claims for third party beneficiary and unjust enrichment are also time-barred and should be dismissed. To the extent other Plaintiffs' third party beneficiary and unjust enrichment claims are based upon payments received prior to October 31, 2007, those claims are also time-barred.

Although their complaint does not cite the Davis-Bacon Act ("DBA") in any of Plaintiffs' causes of action, it references the act at length. SAC ¶¶ 10, 132. The likely reason

that Plaintiffs do not cite DBA violations in their individual causes of action is that the DBA

does not provide a private action to enforce a contract requiring the payment of DBA prevailing

wages. *See Grochowski v. Phoenix Construction*, 318 F.3d 80, 85 (2d Cir. 2003). *See also*

*Broder v. Cablevision Systems, Corp.*, 418 F.3d 187, 199 (2d Cir. 2005) (finding that a court

should not strain to find in a contract a state-law right of action for a violation of a federal law

under which not right of private action exists, specifically, the Davis-Bacon Act). Although the

Supreme Court has not yet ruled that the DBA confers a private right of action on an aggrieved

employee for back wages, the great weight of authority indicates that it does not. *See*

*Grochowski v. Phoenix Construction*, 318 F.3d 80, 85 (2d Cir. 2003). *See also, Operating*

*Eng'rs Health and Welfare trust Fund v. JWJ Contracting Co.*, 135 F.3d 671, 676 (9th Cir.

1998). Specifically, the Second Circuit has held that it does not. *Chan v. City of New York*, 1

F3d 96, 102 (2d Cir. 1993)

    Here, Plaintiffs, frustrated by the DBA's bar on private actions, bring their fifth and sixth

causes of action as end-runs around the DBA. They base these causes of actions on prevailing

wage claims without actually citing the DBA. SAC ¶¶ 219-221, 225. Because the nature of

these causes of action is a violation of the DBA act, which bars a private action thereunder,

Plaintiffs' fifth and sixth causes of action should be dismissed.

    Finally, Plaintiffs' third party beneficiary and unjust enrichment claims must be

dismissed because Plaintiffs have an adequate remedy at law. A claim for unjust enrichment

"only applies in the absence of an express agreement." *Trafalgar Power Inc. v. Aetna Life Ins.*

*Co.*, 396 B.R. 584, (N.D.N.Y. 2008) (quoting *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70

N.Y.2d 382, 388 (1987)). Here there were express written agreements - the CBA and the

contracts which governed the jobs on which Plaintiffs worked. Because the existence of written

agreements renders inapplicable the theory of unjust enrichment, Plaintiffs' unjust enrichment claims should be dismissed.

E.     **Plaintiffs' Tenth Cause of Action Against the Corporate Comforce Defendants for Labor Law Retaliation As To Eldred Is Time-Barred and Fails to State a Claim Upon Which Relief Can Be Granted**

This claim is time-barred under NYLL §215. Section 215 provides for a two (2) year statute of limitations from the date of the violation thereof. NYLL §215. *See also Reilly v. Natwest Markets Group, Inc.*, 178 F.Supp.2d 420 (S.D.N.Y. 2001) (barring retaliation claim whenever Plaintiff's employment ended more than two years before suit was filed). Plaintiff Eldred was last employed by Comforce in October 2005. This claim is clearly time-barred.

Moreover, this claim fails to state a claim upon which relief can be granted. NYLL §215 protects from employer retaliation an employee who complains of employer violations of "any provision of [New York Labor Law] or because such employee has caused to be instituted a proceeding" or testified in a proceeding related to New York Labor Law. NYLL § 215. Eldred did neither of those activities. He did not complain of a labor law violation or he institute or testify in any proceeding related to any labor law. Eldred voluntarily walked off his job in November of 2005. He concedes that he was terminated "for cause." SAC ¶ 126. Eldred did not complain of illegal activity which would allow him to invoke whistleblower protection. Eldred concedes that he did not know he was not being paid prevailing wages in October 2005. SAC ¶ 129. He did not complain to his supervisor in Pennsylvania of any illegal activity of payment scheme, he complained of a conflicting payment arrangement. SAC ¶¶ 116-123. Eldred's expression of his disappointment in receiving a lower per diem payment does not equate to the activity that § 215 requires to invoke the protection he seeks here.

Even had Eldred performed an act necessary to invoke protection under § 215, Comforce did not retaliate against Eldred. Plaintiff Eldred makes no connection between his alleged

complaints to Comforce Corp. or Sumtec and his termination. In fact, he concedes that he voluntarily left employment in November 2005. SAC ¶ 122. He later concedes that he was terminated "for cause." SAC ¶ 126. Section 215 also requires a plaintiff to serve notice upon the attorney general before an action is commenced which Eldred failed to do. Accordingly, Eldred's tenth cause of action should be dismissed.

**F.    Plaintiffs' Eleventh Cause of Action Against the Corporate Comforce Defendants for Wrongful Termination of Eldred Is Time-barred and Fails to State a Claim Upon Which Relief Can Be Granted**

In addition to this LMRA-pre-empted claim being time-barred under the LMRA, it is also time-barred by the six month statute of limitations under NYLL § 215. Section 215 provides a two (2) year statute of limitations from the date of the violation. Eldred was last employed by Comforce in October 2005 but did not file his complaint in this action until October 31, 2008, more than three years later. Moreover, Eldred voluntarily walked off the job. SAC ¶122. The Comforce Entities took no adverse action against Eldred. Finally, Section 215 also requires a plaintiff to serve notice upon the attorney general before an action is commenced. Plaintiffs do not allege that they served notice upon the attorney general prior to October 31, 2008.

This Cause of Action also fails to state a claim upon which relief can be granted. Eldred walked off the job in November 2005. He concedes that he was terminated "for cause." SAC ¶ 126. He may not now successfully allege wrongful termination of a position which he left voluntarily. His eleventh cause of action should be dismissed.

**G.    Plaintiffs' Twelfth Cause of Action Against the Corporate Comforce Defendants for Civil RICO Violations Is Time-Barred and Fails to State a Claim Upon Which Relief Can Be Granted**

Plaintiffs have an exclusive remedy under the LMRA to address the events of which they complain. Their civil RICO claim is duplicative of their LMRA, FLSA, and state law claims. Plaintiffs bring this RICO claim as an end-run around their time-barred LMRA claims. For

example, the substance of this claim is that Plaintiffs had union dues deducted from their wages without authorization and that Plaintiffs were not paid prevailing wages. SAC ¶ 259. In *Choimbol v. Fairfield Resorts, Inc.*, 2006 WL 2631791 (E.D. Va. Sept. 11, 2006), the District Court dismissed a RICO claim that relied on alleged FLSA violations. The court pointed to the FLSA's comprehensive enforcement scheme and held that it was "sufficiently punitive" to address the alleged misconduct. *Id.* at *24. The court also noted that several other courts had dismissed RICO claims "brought along side other statutes which, like the FLSA, provide comprehensive remedies." *Id.* at *26. citing *Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634, 637-38 (2d Cir. 1989) (affirming dismissal of plaintiffs' RICO claims where Energy Reorganization Act provided the exclusive remedy for the alleged underlying conduct).

Furthermore, this claim is time-barred. The statute of limitations for a civil RICO action is four (4) years. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). *See also Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 35 (2d Cir. 2002). The statute of limitations begins to run "when the plaintiff discovers or should have discovered the RICO injury." *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 58 (2d Cir.1998); *see also DLT Res. v. Credit Lyonnais Rouse, Ltd.*, No. 00-CV-3560, 2001 WL 25695 at *4 (S.D.N.Y. Jan. 10, 2001) (noting that the limitations period accrues when plaintiff "knew or should have known of his injury"). The Second Circuit also has adopted a "separate accrual rule," under which a "new claim accrues and the four-year limitation period begins anew each time a plaintiff discovers or should have discovered a new and independent injury." *Merrill Lynch*, 154 F.3d at 59. "Pursuant to this rule, a plaintiff who is continuously injured by an underlying RICO violation may only recover for injuries discovered or discoverable within four years of the time suit is brought." *Nat'l Group for Commc'ns and Computers Ltd. v. Lucent Techs. Inc.*, 420

23

F.Supp.2d 253, 265 (S.D.N.Y. 2006) citing *Bingham v. Zolt,* 66 F.3d 553, 560 (2d Cir. 1995)). These "new and independent" injuries cannot depend on injuries that are derivative of the core injury sustained. *Eno Farms Coop. Assoc, Inc. v. Corp. for Indep. Living,* 2007 WL 3308016 at *8 (D.Conn. Nov. 5, 2007); *see also Bankers Trust Co., v. Rhoades,* 859 F.2d 1096, 1103 (2d Cir. 1988).

Because Plaintiffs contend that they did not authorize union dues deductions from their paychecks, and allege that this was part of the Comforce Defendants' fraud, Plaintiffs should have discovered the alleged RICO injury when union dues were deducted from their paychecks. Alternatively, although Plaintiffs do not allege specific dates or amounts of the Corporate Comforce Defendants' failure to pay prevailing wages, overtime, and per diem rates, Plaintiffs knew or should have known of the alleged RICO injury when their paychecks first reflected these allegedly deficient amounts. As to Richard Borden, he alleges that he learned in 1994, shortly after he was hired by Sumtec that there would be no union meetings, no shop steward, and no union representatives. SAC ¶¶ 174-176. He knew or should have known of the alleged RICO violations in 1994, well outside the statute of limitations. His claims should be dismissed. In any event, to the extent Plaintiffs' RICO claims accrued prior to October 31, 2004, those claims should be dismissed.

Finally, this cause of action fails to state a claim upon which relief can be granted. In order to meet the threshold pleading requirements of a RICO action, a plaintiff must allege the following: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley Inc.,* 719 F.2d 5, 17 (2d Cir.1983) cert

denied 465 U.S. (quoting 18 U.S.C. § 1962(a)-(c)). *See also Anatian v. Coutts Bank Ltd.*, 193

F.3d 85 (2d Cir. 1999) (affirming grant of dismissal of RICO claim). Plaintiffs must also allege

that their persons or property were injured by the Corporate Comforce Defendant's alleged

RICO violation. *See, e.g., Moss,* 719 F.2d at 17.

**a.    Plaintiffs' failure to plead fraud with particularity**

Plaintiffs fail to plead their predicate acts of mail fraud allegations with particularity, a

fatal flaw in this cause of action. When predicate acts alleged in support of claim under the

RICO sound in fraud, those allegations must be pleaded with particularity and must contain facts

giving rise to a strong inference of fraudulent intent. *DLJ Mortg. Capital, Inc. v. Kontogiannis*, -

-- F.Supp.2d ----, 2009 WL 141497 (E.D.N.Y. 2009). *See also* 18 U.S.C.A. § 1961 *et seq.*;

Fed.R.Civ.P. 9(b). Allegations of mail fraud must be supported by allegations that the Corporate

Comforce Defendants 1) engaged in a scheme or artifice to defraud, 2) used the mail for the

purposes of executing the scheme, and 3) possessed specific intent to defraud. *United States v.*

*Ramirez*, 420 F.3d 134, 144 (2d Cir. 2005).

Allegations of fraudulent predicate acts under RICO are subject to the heightened

pleading standard of Rule 9(b). *First Capital Asset Management, Inc. v. Satinwood, Inc.,* 385

F.3d 159, 178 (2d Cir.2004); Fed.R.Civ.P. 9(b). Under Rule 9(b), "[i]n alleging fraud or mistake,

a party must state with particularity the circumstances constituting fraud or mistake."

Fed.R.Civ.P. 9(b). *See also Kurins v. Silverman,* 2009 WL 321011 (S.D.N.Y. 2009) (finding

heightened pleading standard met where the complaint identified "the communications on which

the wire and mail fraud allegations are based, including their content, dates, the individuals

involved, and the way in which those communications were fraudulent, as well as the nature of

the alleged scheme to defraud and the participants in that scheme"). The pleading particularity of

Fed.R.Civ.P. 9(b) requires a specific allegation of all "circumstances constituting fraud," which

25

refers to such information as time, place, contents of the false representations, the contents of the misrepresentation and what was obtained as a result thereof. *See, e.g. First Capital Asset Management v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004).

Plaintiffs' reliance, in their RICO statement, on *Bridge v. Phoenix Bond & Indemnity Co.* 128 S.Ct. 2131 (2008), excuses them only from pleading Plaintiffs' reliance on any alleged misrepresentation made in the Comforce Defendants' alleged mail fraud. It does not excuse them from the heightened pleading requirements of Fed.R.Civ.P. 9(b) under which their RICO claim fails. Even the RICO Statement questionnaire which Plaintiffs were required to submit with their Complaint in this action, reminds Plaintiffs that, with respect to the predicate acts of mail fraud, they must "identify the time, place, and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made." RICO Statement, Question Q-c. Plaintiffs do not provide a single date on which any Corporate Comforce Defendant mailed a fraudulent union card to any Plaintiff. Nor do Plaintiffs provide a single hint as of the content of the allegedly fraudulent mailing, other than to allege that "upon information and belief" nondescript misrepresentations were made on "countless occasions" to plaintiff [sic] and, again, "upon information and belief", to other similarly situated individuals. RICO Statement, A-c. As a matter of law, failure to provide details as to the alleged mail fraud, the very core of Plaintiffs' RICO claim, is, in itself, fatal to Plaintiffs RICO claim.

Furthermore, Plaintiffs fail to allege the requisite facts that give rise to a strong inference of fraudulent intent. *See, e.g. First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004). To establish a strong inference of fraudulent intent, a plaintiff must allege "facts constituting strong circumstantial evidence of conscious misbehavior or recklessness. *Suez Equity Investors L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 99 (2d Cir. 2001). *See also W.E.*

*Darin Construction Enterprises, Inc. v. Detroit Coke Co.*, 814 F.Supp. 325 (W.D.NY. 1993)
(dismissing a RICO complaint where the court found plaintiff's allegations insufficient to
support a strong inference that a defendant's representations were false and that he specifically
intended to defraud Plaintiff).

Here, the SAC contains only vague and conclusory statements that "Comforce knowingly
and willingly entered into telecommunications and service contracts…" which required workers
to be union members which need led to a "scheme to defraud relationship with defendant CWA."
SAC ¶¶ 161-173. These allegations fall far short of establishing a strong inference of intent.
They do not illustrate conscious misbehavior or recklessness. Without allegations of intent, the
Corporate Comforce Defendants' periodic mailing or electronic conveyance of union cards to
union members certainly do not amount to fraud. Without allegations of fraudulent intent, the
mailing or electronic transmittal of union cards, for which Plaintiffs paid dues, will not suffice as
the requisite predicate acts. Plaintiffs' failure to allege fraudulent intent, especially coupled with
their failure to adhere to the applicable heightened pleading requirements, requires dismissal of
their twelfth cause of action.

**b.    Plaintiffs do not allege that they were injured by the Corporate Comforce Defendants' Acts**

Plaintiffs must also allege that their persons or property were injured by the Corporate
Comforce Defendant's RICO violation. *See, e.g., Moss*, 719 F.2d at 17. *See also Anza v. Ideal
Steel Supply Corp.*, 547 U.S. 451, 457-61, 126 S.Ct. 1991 (2006); *Holmes v. Sec. Investor Prot.
Corp.*, 503 U.S. 258, 265-70 (1992); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496-97
(1985). In *Sedima*, the Supreme Court explained that the damages from any injury caused under
RICO must "flow from the commission of the predicate acts." *Sedima*, at 497. Thus, "the
plaintiff only has standing if, and can only recover to the extent that, he has been injured in his

27

business or property by the conduct constituting the [RICO] violation." *Id.* at 496. As the *Sedima* court explained, "the compensable injury necessarily is the harm caused by [alleged] predicate acts ..., for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise." *Id.* at 497. The *Holmes* Court held that a plaintiff must be able to show that the violation was not only the "but-for" cause of the injury, but also the proximate cause, which "demand[s] for some direct relation between the injury asserted and injurious conduct alleged." *Holmes* at 268.

Here, Plaintiffs have failed to make a causal connection between the Comforce Entities' alleged predicate acts and their injury. Plaintiffs allege, in their SAC and in their RICO Statement that they were injured by union dues being withheld from their paychecks without authorization when they did not receive true union benefits or representation in exchange. SAC ¶ 232, RICO Statement A-4. They further allege that the Corporate Comforce Defendants mailed union cards to Plaintiffs and represented that there was meaningful benefit associated with the cards where there was none. RICO Statement Q-5, A-a. At best, Plaintiffs' claims that they were injured by the Comforce Defendants' Acts may be characterized as a claim against CWA for failing in their duty of fair representation. For the reasons set forth above, Plaintiffs' twelfth cause of action for civil RICO violations should be dismissed.

**H.    Plaintiffs' Fourteenth Cause of Action against the Corporate Comforce Defendants for Conversion is Time-Barred and Fails to State a Claim Upon Which Relief Can Be Granted**

Plaintiffs' fourteenth cause of action for conversion is time-barred. New York Civil Practice Law and Rule 214(3) provides that an action for conversion must be commenced within three years of the alleged conversion. N.Y.C.P.L.R. § 214(3) (2008). Generally, a cause of action accrues as of the time the conversion takes place and not at the time of discovery. *Sporn v. MCA Records*, 58 N.Y.2d 482, 488-489 (1983). "Where possession is originally lawful, a

demand is necessary" and the cause of action accrues from the time that the plaintiff has the right to make a demand. *See also Berman v. Goldsmith,* 141 A.D.2d 487, 487 (2d Dept. 1988); *see also Pecoraro v. M & T Bank Corp.,* 11 AD3d 950, 951 (4th Dept. 2004). Plaintiffs' allegations do not give rise for a required demand. *See* N.Y. C.P.L.R. § 206 (2008).

Plaintiffs allege that a Comforce Entity was "sometimes" converting funds withdrawn from employees paychecks meant for union dues to its own accounts for financial gain. SAC ¶¶ 113-115, 145. They allege that this practice began in the mid-1990s. SAC ¶¶ 24, 25. The alleged conversion, occurred, therefore, on each payday, beginning in the early 1990s, well more than a decade ago. SAC ¶¶ 24, 25.

As to Eldred, all conversion claims are time-barred. Eldred has not worked for any Comforce Entity since November 2005. SAC ¶¶ 117, 125. He has received no paycheck from any Comforce Entity. His claims for conversion accruing as late as November 2005 are untimely and should be dismissed. To the extent other Plaintiffs' conversion claims accrued more than three years ago, those claims should also be dismissed.

Moreover, this cause of action fails to state a claim for conversion upon which relief can be granted. "Conversion is the unauthorized and wrongful exercise of dominion and control over another's personal property." *Phansalkar v. Andersen Weinroth & Co., L.P.,* 175 F.Supp.2d 635, 639 (S.D.N.Y. 2001) (internal citation and quotations omitted). The general rule in New York is that "a claim for conversion does not lie for the withholding of indefinite, intangible, and incorporeal species of property." *Id.* (quoting *Matzan v. Eastman Kodak Co.,* 134 A.D.2d 863 (4th Dept. 1987)). A conversion action for money, however, will lie under New York law where there is a specific, identifiable fund and "an obligation to return or otherwise treat in a particular manner the specific money in question." *Dover Ltd. v. A.B. Watley, Inc.,* 423 F.Supp.2d 303,

29

328 (S.D.N.Y. 2006) (quoting *LoPresti v. Terwilliger,* 126 F.3d 34, 41 (2d Cir. 1997) (internal citation and quotations omitted)).

Here, Comforce Corp., or Sumtec or PCPS deducted union dues from employees' paychecks to pay their union dues SAC ¶ 245. They provided monies deducted from employees to CWA. SAC ¶ 245. Plaintiffs implicitly authorized these deductions from their paychecks based upon the understanding that they must be a union member to work on certain contracts. SAC ¶¶ 6, 92. In paying, on its employees' behalf, union dues to CWA – dues earmarked for that very purpose - Comforce Corp. fulfilled its obligation to "treat in a particular manner the specific money in question." Plaintiffs concede this appropriate treatment. SAC ¶ 245. Plaintiffs' sole allegation of conversion is that it may have occurred "sometimes," an assertion based only upon "information and belief." SAC ¶ 245.

Plaintiffs' may not disguise their claims for inadequate union representation as conversion. Comforce Corp.'s payment of union dues to CWA is not tantamount to conversion. Plaintiffs' claim for conversion, therefore, fails to state a claim upon which relief can be granted and should be dismissed.

**I.      Plaintiffs' Fifteenth Cause of Action Against the Corporate Comforce Defendants For Fraud Is Time-Barred and Fails To State a Claim Upon Which Relief Can Be Granted**

Plaintiffs' fifteenth cause of action for fraud is time-barred. New York Civil practice Law and Rules, Rule 213(8) provides for a statute of limitations for an action for common law fraud is the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or person under whom the plaintiff claims discovered the fraud or could with reasonable diligence have discovered it. N.Y.C.P.L.R. 213(8) (2008). *See also Gelmac Quality Foods, Inc., v. Ronning,* 23 AD3d 1019, 1020 (N.Y. App. Div. 2005). Plaintiff's fraud claim is untimely under either prong of N.Y.C.P.L.R. 213(b).

Applying the generous six year standard to Plaintiffs' alleged facts, their fraud claim is still time-barred. Plaintiffs allege that they began employment with a Comforce Entity in the early 1990s. SAC ¶ 87. Plaintiffs further allege that Eldred received a union card "early in his years" of employment with a Comforce Entity. SAC ¶ 105. In fact, Plaintiffs contradict their fraud claims by stating that they believed they had no union representative (SAC ¶ 292) when they allege that they attempted to contact union representatives at the numbers found on their union membership cards (SAC ¶ 286).

Plaintiffs' fraud claims are based upon allegations that the union membership card provided no true union benefits which allowed a Comforce Entity to withhold union dues from employees for the financial benefit of that entity. As such, the time that an action for fraud accrues is the time those allegedly fraudulent union cards were delivered to Plaintiffs. By his own admission, Eldred received his union card – and called his union representative – in the early 1990s, more than ten years ago, and well outside the statutory period for a fraud claim.

Alternatively, applying the two year standard, Plaintiffs received a copy of a CBA on February 23, 2006. At that time, he would have or should have become aware that statements allegedly made by a Comforce Entity representative that employees had no union benefits were false. SAC ¶¶ 104, 292. On February 23, 2006, Eldred discovered the alleged fraud or could have with reasonable diligence. Plaintiffs commenced this action more than two years after Plaintiffs discovered or should have discovered the alleged fraud. Accordingly, Plaintiffs' fraud claim is time-barred and should be dismissed.

Plaintiffs' fifteenth cause of action also fails to state a claim for fraud upon which relief can be granted. A claim for common law fraud brought under New York law must also satisfy the particularity requirements of civil procedure rule governing fraud pleadings; the elements of

common law fraud are, therefore, essentially the same as those which must be alleged to establish a claim for securities fraud in violation of § 10(b) and corresponding Rule 10b-5. Securities Exchange Act of 1934, § 10(b). *Dover Ltd. v. A.B. Watley, Inc.,* 423 F.Supp.2d 303, 323 (S.D.N.Y. 2006).

To state a claim for common law fraud in New York, a plaintiff must show: (1) a material representation or omission of fact; (2) made with knowledge of its falsity; (3) with scienter or an intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) such reliance caused damage to the plaintiff. *See Health Extras, Inc. v. SG Cowen Secs. Corp.,* 2004 WL 97699 at *1 (S.D.N.Y. 2004); *Morris v. Castle Rock Entm't,* 246 F.Supp.2d 290, 296 (S.D.N.Y. 2003); *Farey-Jones v. Buckingham,* 132 F.Supp.2d 92, 105 (E.D.N.Y.2001). A claim for common law fraud brought under New York law must also satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). *See Marcus v. Frome,* 329 F.Supp.2d 464, 475 (S.D.N.Y. 2004); *AIG Global Secs. Lending Corp. v. Banc of Am. Secs. LLC,* 254 F.Supp.2d 373, 389 (S.D.N.Y. 2003); *Lewis v. Rosenfeld,* 138 F.Supp.2d 466, 477-78 (S.D.N.Y. 2001). FRCP Rule 9(b) requires that, in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. *Marcus* at 475. *See* Section III, G *supra*, for discussion of Fed.R.Civ. P. 9(b)'s heightened pleading requirements.

Here, Plaintiffs fail to state their allegations of fraud with any particularity whatsoever. Aside from scant allegations that Peter Petix made statements to some employees, "upon information and belief" with permission or acquiescence of other Comforce Entity employees. Plaintiffs offer no details of the alleged fraud. SAC ¶¶ 50-53, 252-259. They do not give any dates on which Comforce Entity representatives made allegedly fraudulent statements. They do name individuals to whom these statements were allegedly made or how the statements were

made. Simplistic allegations that fraudulent statements were made are insufficient. Because Plaintiffs do not plead their fraud claim with the requisite particularity and because it is time-barred, their fifteenth cause of action should be dismissed.

## CONCLUSION

For the foregoing reasons, the Corporate Comforce Defendants respectfully request that their motion to dismiss the Amended Complaint in its entirety be granted with prejudice, together with such other and further relief as this Court deems just and proper.

Dated:   March 2, 2009
         Uniondale, New York

Respectfully Submitted,

FARRELL FRITZ, P.C.

_____/s/_____
James M. Wicks
Bar No. 515397
Domenique C. Moran
Bar No. 302627
Lucia Bauknight
Bar No. 515396
*Attorneys for Defendants*
*COMFORCE CORP., and its*
*subsidiary companies Comforce*
*Telecom, Inc., Comforce*
*Information Technologies, Inc.,*
*Comforce Technical Services, Inc.*
*Comforce Technical, LLC,*
*Comforce Operating, Inc.,*
*Sumtec Corp., and*
*Prestige-Comforce*
*Professional Services*
1320 RexCorp Plaza
Uniondale, New York 11556
(516) 227-0700