UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ERIC J. ELDRED, JR., RICHARD BORDEN,
MATTHEW CAEZZA, BRIAN FRANK, and
MARK MACLAURY on behalf of themselves
and those similarly situated,

                           Plaintiffs,

    -against-

COMFORCE CORP., et al.,

                          Defendants.

Case No. 08-CV-01171
(LEK) (DEP)

**DEFENDANT COMFORCE CORP., AND ITS SUBSIDIARY COMPANIES COMFORCE TELECOM, INC., COMFORCE INFORMATION TECHNOLOGIES, INC., COMFORCE TECHNICAL SERIVCES, INC. COMFORCE TECHNICAL, LLC, COMFORCE OPERATING, INC., SUMTEC CORP., AND PRESTIGE-COMFORCE PROFESSIONAL SERVICES' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FARRELL FRITZ, P.C.
*Attorneys for Defendants*
*Comforce Corp., and its subsidiary*
*companies Comforce Telecom, Inc.,*
*Comforce Information Technologies,*
*Inc., Comforce Technical Services,*
*Inc., Comforce Technical, LLC,*
*Comforce Operating, Inc., Sumtec*
*Corp., and Prestige-Comforce*
*Professional Services*
1320 RexCorp Plaza
Uniondale, New York 11556
(516) 227-0700

*Of Counsel:*
    James M. Wicks
    Domenique Camacho Moran
    Lucia Bauknight

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... i

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT................................................................................................................2

POINT I
THE AMENDED COMPLAINT SHOULD BE DISMISSED
BECAUSE IT FAILS TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED................................................................2

A.    Matters Outside the Pleadings ...............................................................................2

B.    The Second Amended Complaint Should Be Dismissed As To Corporate
      Comforce Defendants Against Whom Plaintiffs Make No Allegations..................3

POINT II
PLAINTIFFS' FIRST, SECOND, THIRD, FOURTH, SIXTH, TENTH,
ELEVENTH, TWELFTH, FOURTEENTH AND FIFTEENTH CAUSES
OF ACTION SHOULD BE DISMISSED BECAUSE THEY ARE
PRE-EMPTED AND TIME-BARRED.............................................................................3

A.    Because the CBA Is inextricably Intertwined with Plaintiffs' Claims,
      Their Claims Are Pre-empted and Time-Barred Under the LMRA .......................3

B.    Plaintiffs Concede That Their Sixth and Seventh Causes of Actions
      are Time-Barred......................................................................................................5

C.    Plaintiffs Concede That Their Tenth, Eleventh, Fourteenth and
      Fifteenth Causes of Action are Pre-empted and Time-Barred Under
      the LMRA ...............................................................................................................5

POINT III
THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT
CONTAINS CAUSES OF ACTION THAT ARE TIME-BARRED OR FAIL
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ...........................5

A.    Plaintiffs' First and Second Causes of Action Are Time-Barred and Fail to
      State a Claim Upon Which Relief Can Be Granted.................................................5

B.    Plaintiffs' Third Cause of Action Is Time-Barred and Fails to State a
      Claim Upon Which Relief Can Be Granted.............................................................8

C.    Plaintiffs' Fourth Cause of Action Is Time-Barred ................................................ 9

D.    Plaintiffs' Fifth and Sixth Causes of Action Are Time-Barred, Fail to
      State a Claim Upon Which Relief Can Be Granted and Must Be
      Dismissed Because Plaintiffs Have an Adequate Remedy at Law ......................... 9

E.    Plaintiff Eldred's Tenth Cause of Action Is Time-Barred and Fails to
      State a Claim Upon Which Relief Can Be Granted ............................................. 11

F.    Plaintiff Eldred's Eleventh Cause of Action Is Time-barred and Fails to
      State a Claim Upon Which Relief Can Be Granted ............................................. 12

G.    Plaintiffs' Twelfth Cause of Action Is Time-Barred and Fails to State a
      Claim Upon Which Relief Can Be Granted ......................................................... 12

H.    Plaintiffs' Fourteenth Cause of Action Is Time-Barred and Fails to State a
      Claim Upon Which Relief Can Be Granted ......................................................... 15

I.    Plaintiffs' Fifteenth Cause of Action Is Time-Barred and Fails To State a
      Claim Upon Which Relief Can Be Granted ......................................................... 16

CONCLUSION ................................................................................................................ 18

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bodrick v Mayfair Constr. Corp.*
   38 NY2d 926 (N.Y. 1976) ...................................................................................................10

*Chan v. City of New York,*
   1 F3d 96 (2d Cir. 1993)......................................................................................................11

*Choimbol v. Fairfield Resorts, Inc.,*
   2006 WL 2631791 (E.D.Va. Sept. 11, 2006)......................................................................12

*Cox v. NAP Constr. Co., Inc.,*
   10 NY3d 592 (N.Y. 2008) ..................................................................................................10

*Dover Ltd. v. A.B. Watley, Inc.,*
   423 F.Supp.2d 303 (S.D.N.Y. 2006)...................................................................................16

*Dragone v. Bob Bruno Excavating, Inc.*
   45 A.D.3d 1238 (N.Y. App. Div. 2007) ................................................................................9

*Jara v. Strong Steel Door, Inc.,*
   20 Misc.3d 1135(A) (N.Y. Sup. Ct. 2008).........................................................................10

*Maldonado v. Olympia Mechanical Piping & Heating Corp.,*
   8 AD3d 348 (N.Y. App. Div. 2004) ...................................................................................10

*Marren v. Ludlam,*
   14 AD3d 667 (N.Y. App. Div. 2005) ...................................................................................9

*Mason Tenders Dist. Council v. JNG Const. Ltd.*
   2003 WL 22999453 (S.D.N.Y. 2003)...................................................................................4

*Moore and Parry v. PaineWebber, Inc.,*
   189 F.3d 165 (2d Cir. 1999)...............................................................................................14

*Norman v. Niagara Mohawk Power Corp.,*
   873 F.2d 634 (2d Cir. 1989)...............................................................................................13

*Sporn v. MCA Records,*
   58 N.Y.2d 482 (N.Y.1983) .................................................................................................15

*Stanley v. Morgan Guar. Trust Co. of New York,*
   173 A.D.2d 390 (N.Y. App. Div. 1991) .............................................................................15

*Wright et al v. Herb Wright Stucco, Inc.,*
    50 NY2d 837 (N.Y. 1980) ........................................................................................10

**STATUTES**

29 United States Annotated § 185(a) .........................................................................4

29 United States Annotated § 255(a) .........................................................................8

Federal Rules of Civil Procedure 9(b) ..............................................................13, 17

New York Civil Practice Law and Rules 213(8) ......................................................16

New York Civil Practice Law and Rules 214(3) (2008).............................................15

New York Labor Law Article 8 ................................................................................10

New York Labor Law § 198 ...................................................................................8, 9

New York Labor Law § 215 ...............................................................................11, 12

New York Labor Law § 220 .............................................................................6, 9, 10

New York Labor Law § 220-g...................................................................................11

Defendant Comforce Corporation ("Comforce Corp."), and its subsidiary companies
Comforce Telecom, Inc., Comforce Information Technologies, Inc., Comforce Technical
Services, Inc. Comforce Technical, LLC, Comforce Operating, Inc., Sumtec Corp., and Prestige-
Comforce Professional Services (each a "Comforce Entity," collectively, "Comforce Entities" or
"Corporate Comforce Defendants") respectfully submit this Reply Memorandum of Law in
Further Support of their Motion to Dismiss the Amended Complaint of Eric J. Eldred, Jr.
("Eldred"), Richard Borden ("Borden"), Matthew Caezza ("Caezza"), Brian Frank ("Frank"),
and Mark Maclaury ("Maclaury") (collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

Instead of responding in separate briefs to the arguments raised by the Corporate
Comforce Defendants and the Individual Comforce Defendants, Plaintiffs, continuing to muddy
the waters of this case and confuse issues, address all Comforce Defendants' arguments in a
single Memorandum of Law in Opposition to Defendant Comforce Corp., Its Subsidiary
Companies, and Individual Defendants' Motion to Dismiss (the "Opposition"). Despite their
continued efforts to cast the broadest net possible, Plaintiffs remain unable to disguise the true
nature of their complaint: disgruntled employees' fishing expedition for deep pockets.

In their inconsistent Opposition, Plaintiffs continue to use the Collective Bargaining
Agreement ("CBA") as both a shield and a sword, seeking to enforce its existence and terms
where it serves the Plaintiffs and decrying its application and existence where it does not.
Nowhere in their Opposition do Plaintiffs ever say that any Plaintiff followed the grievance
procedure outlined in the CBA – with respect to any claim. Moreover, Plaintiffs freely
acknowledge that they brought this action without anything more than speculation, specifically
with respect to prevailing wage rates, RICO and fraud – asking for discovery *to support their*

1

*hunches* on no fewer than three causes of action. Furthermore, by asking for yet another opportunity to amend their complaint, Plaintiffs virtually concede the inadequacy of their initial pleadings. For these reasons, and as described more fully below, the Corporate Comforce Defendants respectfully request that Plaintiffs' Second Amended Complaint be dismissed, with prejudice, in its entirety.

## ARGUMENT

### POINT I

### THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.    Matters Outside the Pleadings**

The problem with Plaintiffs' combined approach to the separate motions to dismiss by the Corporate and Individual Comforce Defendants becomes readily apparent here. While noting that the Individual Comforce Defendants appended to their motion to dismiss materials outside the pleadings, they nonetheless argue, because of their flawed approach to separate briefs in a combined opposition, that this action requires both motions to be converted to one for summary judgment. With respect to the matters outside the pleadings, the Corporate Comforce Defendants are unable to address issues that do not pertain to them.

The SEC filing annexed to the Attorney Affirmation of Frank S. Gattuso in Opposition to the Motions to Dismiss of Defendant Comforce Corp. and the Individual Comforce Defendants ("Gattuso Affirmation"), Comforce Corp.'s 8-K dated November 19, 2000, is a red herring here. That 8-K is merely a disclosure of a loan agreement and is not intended to be used for the sweeping allegations for which Plaintiffs submit it.

**B.     The Second Amended Complaint Should Be Dismissed As To Corporate Comforce
Defendants Against Whom Plaintiffs Make No Allegations**

Plaintiffs do not dispute that they make no allegations against certain of the Comforce

Entities: Comforce Information Technologies, Inc., Comforce Technical Services, Inc.,

Comforce Technical, LLC, or Comforce Operating, Inc. Accordingly, all causes of action

against these entities should be dismissed.

### POINT II

### PLAINTIFFS' FIRST, SECOND, THIRD, FOURTH, SIXTH, TENTH, ELEVENTH,
### TWELFTH, FOURTEENTH AND FIFTEENTH CAUSES OF ACTION SHOULD BE
### DISMISSED BECAUSE THEY ARE PRE-EMPTED AND TIME-BARRED

**A.     Because the CBA Is inextricably Intertwined with Plaintiffs' Claims, Their Claims
Are Pre-empted and Time-Barred Under the LMRA**

Plaintiffs' first, second, third, fourth, sixth, tenth, eleventh, twelfth, fourteenth and

fifteenth causes of actions are inextricably linked to interpretation of the CBA, require resolution

in accordance with the grievance procedures thereunder, and, therefore, are pre-empted by the

Labor Management Relations Act ("LMRA"). While Plaintiffs correctly assert that only

statutory rights independent of a CBA may escape pre-emption under the LMRA, they have

failed to demonstrate that Plaintiffs' claims have such an independent basis.

Plaintiffs attempt to avoid application of the CBA to their claims because it results in the

pre-emption of those claims under the LMRA. *See* Gattuso Affirmation, ¶ 3 (now stating that the

CBA is "immaterial [in] nature.") In the SAC, however, they relied heavily on the CBA and its

applicability to their claims. For example, Plaintiffs devote an entire section of their SAC to the

alleged failure of Comforce, CWA, and Local 6171 to follow the CBA. SAC ¶¶ 143-151.

Plaintiffs rely explicitly on the CBA, alleging that the CBA contains "clear language that the

union was the exclusive representative for the purpose of collective bargaining with respect to

*rates of pay and wages, benefits and working conditions...*" (emphasis added) SAC ¶ 144. That

3

collective bargaining was entirely intertwined, by its nature, with the CBA. Additionally,

Plaintiffs specifically ask the Court to interpret CBA's requirement to negotiate changes in

working conditions – including wages and travel time. SAC ¶¶191-197. Plaintiffs assert that it

was the failure of the Individual Comforce Defendants to negotiate *in accordance with the terms*

*of the CBA* that rendered the allegedly applicable travel policy unenforceable. (emphasis added)

SAC ¶ 195. They cite the CBA's provisions at length and rely on those provisions to govern

collective bargaining regarding discipline and dispute resolution. SAC ¶¶150-151.

Moreover, The CBA specifically addresses the rights of Sumtec Corp. employees to

pursue a grievance with respect to any unauthorized withholding of wages. While Plaintiffs aver

that this CBA has no bearing on their claims regarding unauthorized wages, they ignore the fact

that the grievance procedure for such a complaint is outlined *in the CBA*. A determination of

whether the Corporate Comforce Defendants followed protocol requires a review of the CBA.

Plaintiffs also attempt to argue that the CBA is somehow inadequate and, it seems their

argument goes, should therefore be disregarded as a CBA at all. Opp. at 6. They offer no

support for this throw-away argument and would be hard-pressed to discover any. Indeed, if

Plaintiffs challenge the CBA's validity, that underscores the Corporate Comforce Defendants'

position that substantial interpretation and review of the CBA is required. *Mason Tenders Dist.*

*Council v. JNG Const. Ltd.* 2003 WL 22999453 (S.D.N.Y. 2003). *See also* 29 U.S.C. § 185(a).

If Plaintiffs challenge the validity of the CBA, such a position would further support pre-emption

of their claims by the LMRA.

While Plaintiffs may have an *additional* right under federal and state laws regarding their

claims for unpaid wages and overtime, pay for travel time, unauthorized withholding of wages,

and prevailing wages the law requires that they have a right *independent of* - not just in addition

to - the CBA.  The interconnected nature of Plaintiffs' wage-related claims and the CBA render

those claims pre-empted by the LMRA.  As such, these claims are also time-barred under the

LMRA.  Plaintiffs do not dispute that the applicable time limit on LMRA-based actions is six

months.  To the extent any LMRA-based claims arose more than six months prior to the

commencement of this action, those should be dismissed as untimely.

**B.    Plaintiffs Concede That Their Sixth and Seventh Causes of Actions are Time-Barred**

In Point VIII of their Opposition, Plaintiffs concede that their Sixth and Seventh Causes

of Action are time-barred under the LMRA.  Opp. at 20.  Plaintiffs note that this circumstance

divides their originally proposed class into two separate classes.  *Id.*

**C.    Plaintiffs Concede That Their Tenth, Eleventh, Fourteenth and Fifteenth Causes of Action are Pre-empted and Time-Barred Under the LMRA**

In their emphasized list of purported "nonnegotiable rights," Plaintiffs do not include

their tenth, eleventh, fourteenth and fifteenth causes of actions which the Corporate Comforce

Defendants, in their motion to dismiss, have demonstrated are also pre-empted by the LMRA.

Because Plaintiffs do not dispute the Corporate Comforce Defendants' position that the LMRA

pre-empts these causes of action, their tenth, fourteenth and fifteenth causes of action should be

dismissed with prejudice.

## POINT III

## THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT CONTAINS CAUSES OF ACTION THAT ARE TIME-BARRED OR FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.    Plaintiffs' First and Second Causes of Action Are Time-Barred and Fail to State a Claim Upon Which Relief Can Be Granted**

To counter the arguments advanced by the Corporate Comforce Defendants in their

motion to dismiss, Plaintiffs (1) contradict their own arguments that the rate of pay was non-negotiable (Opp. at 8) by explaining here that the individuals "negotiated [individual rates of pay] with defendant Comforce Corp." (Opp. At 10); (2) erroneously state that Exhibit 4 to the SAC contains some indication of hours worked and allegedly unpaid except as to Eldred; (3) flippantly dismiss the Corporate Comforce Defendants' argument that the CBA governs these claims resulting in pre-emption by the LMRA; and (4) concede that they truly do not know whether Plaintiffs were paid prevailing wages. Plaintiffs do not dispute that these causes of action are time-barred.[1]

First, Plaintiffs emphasize repeatedly that they had nonnegotiable rights to be paid prevailing wages, overtime, and travel time (Opp. At 8) then note that "in fact, the plaintiffs in the class had individual employment contracts and individual rates of pay they negotiated with defendant Comforce Corp." (Opp. At 10). Which is it? Plaintiffs seek to dismiss the CBA as inapplicable with respect to payment because it is silent as to a specific rate of pay. The CBA, however, determines how negotiations with respect to that rate must be set and, even more critical to this case, outlines the grievance procedure that must be followed if the correct wages are not paid. SAC Ex. 1, Art. V. Here, again, Plaintiffs may not have it both ways. The CBA is inextricably intertwined with Plaintiffs' FLSA claims which are, therefore, pre-empted by the LMRA.

Second, Exhibit 4 to the SAC, not identified or verified in any way, purports to contain "'at least approximately'…hours for which wages were not paid [and] specifically lays them out." Opp. at 10-11. While the spreadsheet does outline Eldred's allegedly unpaid hours

---

[1]  Plaintiffs also fail to address the Corporate Comforce Defendants' argument that these causes of action are also barred on the grounds that Plaintiffs failed to exhaust their administrative remedies in accordance with NYLL § 220. *See* Corporate Comforce Defendants' Memorandum in Support of Their Motion to Dismiss the Second Amended Complaint ("Moving Brief") at 10, note 2.

nowhere do other Plaintiffs give any hint of their allegedly unpaid hours worked. Instead, Plaintiffs merely allege in their opposition that "Eldred's experience closely mirrors those of the other class members…" (Opp. at 11) and concludes, unsupported, that this is sufficient.

Third, Plaintiffs completely miss the point with respect to LMRA pre-emption of FLSA claims. Because Plaintiffs' wage claims – under the FLSA or otherwise – are inextricably linked with the CBA which governs negotiation of wages and the grievance procedure regarding wages, the LMRA governs these claims. For Plaintiffs to simply say "[w]ell, the plaintiffs bring their First and Second Claims for Relief under the FLSA [and state law] and not as a breach of the CBA" is irrelevant where the CBA specifically outlines how to address the exact grievance of which Plaintiffs complain in their first and second causes of action. Plaintiffs, in their second cause of action directly place at issue the CBA and allege the critical nature of the CBA. SAC ¶¶ 189-195. Plaintiffs may not now throw up their hands and just avoid the CBA's inextricability with their claims by simply seeking to bring those claims under another law.

Fourth, and most striking, Plaintiffs concede the insufficiency of their allegations with respect to their prevailing wage claims. Plaintiffs sound certain, in their SAC, that Plaintiffs were not paid prevailing wages (SAC ¶¶ 218-220) but now admit that they do not know – and did not know at the time of filing of the SAC – whether Plaintiffs were paid the prevailing wage. Opp. at 11. Instead, Plaintiffs now explain that "prevailing wages are not as easily ascertainable and would require a more extensive review of government databases and perhaps expert review of government and Comforce Corp. records, all of which can be accomplished through discovery." Opp. at 11. No statement to date further underscores the fact that Plaintiffs' lawsuit is a fishing expedition, specious and frivolous claims flung against the wall in the hopes that "through discovery" something will stick. If Plaintiffs require intense research to determine

whether prevailing wages were paid to Plaintiffs, how did they so certainly assert these claims in their Complaint? They should not now be permitted to gather information to support their guesses that certain contracts "may have required prevailing wages." Opp. at 12.

Finally, Plaintiffs do not dispute that their first and second causes of action are time-barred. In their Moving Brief, Defendants demonstrated that the FLSA provides a statute of limitations of two years on causes of action for unpaid overtime, three years where the failure to pay is willful. 29 U.S.C. § 255(a). Plaintiffs fail to address this in their Opposition. Accordingly, the Court should dismiss any claims that arose outside the applicable statute of limitations. For the above reasons, Plaintiffs' first and second causes of action should be dismissed with prejudice.

**B.    Plaintiffs' Third Cause of Action Is Time-Barred and Fails to State a Claim Upon Which Relief Can Be Granted**

Plaintiffs state in their opposition that a withholding is either authorized or it is not. Opp. at 13-14. Plaintiffs were required to be union members to work on the jobs that required union membership, and because they were required to pay dues to be members of a union, their union membership – and their reliance on that membership and union benefits in this action. This demonstrates that Plaintiffs authorized these deductions. Moreover, prior to this action, Plaintiffs have not sought reimbursement of any union dues that they now allege were not authorized nor did they raise any grievance with their employer with respect to these deductions.

Plaintiffs again fail to address the Corporate Comforce Defendants' argument that this claim is time-barred. New York Labor Law § 198 provides that "an action commenced to recover upon liability imposed by this article must be commenced within six years. NYLL § 198. Plaintiffs do not dispute that they were union members in the union at all times relevant to the SAC. SAC ¶ 25. They began employment with the Comforce Entities in the mid-1990s.

SAC ¶ 24. Union membership required union dues which Plaintiffs allege were deducted from

their paychecks. SAC ¶ 29. Plaintiffs concede, through these allegations, that they paid union

dues and were union members beginning in the mid-1990s. To the extent Plaintiffs'

unauthorized deduction claims arose prior to October 31, 2002, those claims are time-barred.

## C.    Plaintiffs' Fourth Cause of Action Is Time-Barred

With respect to their fourth cause of action, Plaintiffs address the Corporate Comforce

Defendants' pre-emption arguments only and ignore entirely that this claim – separate from any

LMRA pre-emption – is time-barred under New York Labor Law § 198 which provides for a six

year statute of limitations for commencement of an action based upon wage claims. NYLL §

198. *See also Dragone v. Bob Bruno Excavating, Inc.* , 45 A.D.3d 1238 (N.Y. App. Div. 2007).

To the extent Plaintiffs' claims arose before October 31, 2002, those claims should be dismissed.

## D.    Plaintiffs' Fifth and Sixth Causes of Action Are Time-Barred, Fail to State a Claim Upon Which Relief Can Be Granted and Must Be Dismissed Because Plaintiffs Have an Adequate Remedy at Law

Plaintiffs assert these common law causes of action simply because they are precluded

from bringing the causes of action that truly reflect the essence of these claims: wage complaints.

SAC ¶¶ 218-220, 225. They do not have a private right of action for unpaid wages under the

Davis Bacon Act (Moving Brief at 19-20). Now, they are precluded from bringing an action

pursuant to NYLL 220 because they failed to exhaust their administrative remedies as required.

*See* Moving Brief at 10, note 2. *See also Marren v. Ludlam,* 14 AD3d 667, 669 (N.Y. App. Div.

2005) citing *Pesantez v. Boyle Envtl. Servs.,* 251 AD2d 11, 12 (N.Y. App. Div. 1998) (no private

right of action for the underpayment of wages exists under Labor Law § 220 until an

administrative determination in the employee's favor has been made and has gone unreviewed or

has been affirmed).

While Plaintiffs argue that NYLL § 220 is inapplicable here because their action does not

9

seek to recover damages under a bond, in fact, New York courts have applied this statute broadly to actions involving prevailing wage claims even though not specifically premised on violations of NYLL § 220. *See, e.g. Wright et al v. Herb Wright Stucco, Inc.*, 50 NY2d 837 (N.Y. 1980). Plaintiffs cannot deny that their fifth and sixth claims are based, at least in part, on prevailing wage claims. SAC ¶¶ 217-222, 225. Contrary to Plaintiffs' assertion that this section only pertains to state employees, cases decided more recently than 1937 clearly indicate that the section applies to private employees working on public projects. *Maldonado v. Olympia Mechanical Piping & Heating Corp.*, 8 AD3d 348 (N.Y. App. Div. 2004); *Jara v. Strong Steel Door, Inc.*, 20 Misc.3d 1135(A), *12-13 (N.Y. Sup. Ct. 2008)

Section 220 specifically governs the payment of prevailing wages on public projects. NYLL § 220. Plaintiffs allege that many of the projects on which they worked were public projects. SAC ¶ 14 (referring to "New York State financed projects"). Section 220 clearly governs these claims. New York Labor Law § 220 requires that Plaintiffs exhaust the administrative proceedings outlined in the statute before pursuing a private cause of action. *See Jara v. Strong Steel Door, Inc.*, 20 Misc.3d at *12-13 (N.Y. Sup. Ct. Kings County 2008) (dismissing cause of action seeking recovery of prevailing wages under Article 8 of the Labor Law because "the determination of a prevailing wage claim, is, in the first instance, the exclusive province of the fiscal officer and must be initially subjected to an administrative proceeding.")

Because Section 220 captures the essence of these end-runs around a precluded claim under the Davis-Bacon Act (Moving Brief at 20),[2] it governs the applicable statute of limitations

---

2  The Davis-Bacon Act does not provide for a private right of action thereunder. While Plaintiffs cite a New York Court of Appeals case they purport holds that a private right of action does exist under the DBA, they mischaracterize the holding. In fact, the Court of Appeals agreed "with the courts that have held that no implied *federal* private right of action exists, under either the DBA…for workers who are paid less than the wages those statutes require. Our decision in *Bodrick v Mayfair Constr. Corp.* which holds otherwise, is no longer good law in light of the more recent federal decisions." *Cox v. NAP Constr. Co., Inc.*, 10 NY3d 592 (N.Y. 2008)(internal citations omitted). The Second Circuit agrees. *See Chan v. City of New York*, 1 F3d 96, 102 (2d Cir. 1993).

and provides for one year from the last alleged underpayment. NYLL § 220-g. Plaintiffs did not commence any administrative proceeding and did not timely commence this action. These claims should be dismissed.

Plaintiffs attempt to address the Corporate Comforce Defendants' argument that express written agreements governing their unjust enrichment claims bar any equitable relief by, again, requesting discovery to help make arguments that should be more than guesses at this stage. They concede that contracts exist. SAC ¶ 14. Plaintiffs allege that they negotiated their own wages (SAC ¶ 145) and allege that a written travel policy was in place for, at least, a portion of the relevant period (SAC ¶¶ 135-138). Because there are express written agreements governing the claims at the heart of Plaintiffs' unjust enrichment claim, it should be dismissed.

## E.    Plaintiff Eldred's Tenth Cause of Action Is Time-Barred and Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiffs do not dispute that NYLL § 215 provides for a two (2) year statute of limitations on an action for a violation thereof. NYLL § 215. They argue that there is a question of fact as to when Plaintiff Eldred was actually terminated. The Second Amended Complaint contains no allegations whatsoever that Eldred was employed with any Comforce Entity at any time after November 2005. Simply, Plaintiff was terminated. SAC ¶ 126. He was terminated for cause. SAC ¶ 126. He has neither worked again for any Comforce Entity nor received any offer to do so since 2005. SAC ¶ 126. This claim is time-barred and should be dismissed.

Additionally, Plaintiff Eldred fails to state a claim here. Plaintiff Eldred tries to raise a mere complaint to the level required by law for a cause of action under NYLL § 215 (Opp. at 21) but this fails. NYLL § 215 specifically protects an employee who complains of *employer violations of "any provision of [New York Labor Law]* or because such employee has caused to be instituted a proceeding" or testified in a proceeding related to New York Labor Law. NYLL §

215. Eldred did not perform any act necessary to invoke protection of NYLL § 215. Moreover, a fact which Plaintiffs do not address, Eldred walked off the job in 2005. His claim for retaliation should be dismissed.

**F.    Plaintiff Eldred's Eleventh Cause of Action Is Time-barred and Fails to State a Claim Upon Which Relief Can Be Granted**

Plaintiff Eldred *voluntarily* left the Philadelphia job site in 2005. Plaintiff *elected* not to pursue a grievance procedure under the CBA when he received it in February 2006. In his tenth cause of action, Plaintiff Eldred specifically alleges a violation of New York Labor Law § 215. SAC ¶¶ 244-246. Having changed his mind upon learning that this claim is time-barred, Plaintiff Eldred now claims that this cause of action is *not* governed by § 215 of the New York Labor Law. Opp. at 24. Section 215 provides for a two (2) years state of limitations. As outlined in Point III, E, above, Plaintiff left his job in 2005 and does not allege that he has worked for or received offers to work for any Comforce Entity since that time. This claim is untimely and should be dismissed.

**G.    Plaintiffs' Twelfth Cause of Action Is Time-Barred and Fails to State a Claim Upon Which Relief Can Be Granted**

Plaintiffs misunderstand the applicability of *Choimbol* to this case. *Choimbol*, contrary to Plaintiffs' assertion, does not stand for the proposition that an FLSA claim may not be brought with a RICO claim, it holds that where the RICO claims rely on FLSA violations, the FLSA enforcement scheme is sufficiently punitive to address the alleged misconduct (without RICO). *Choimbol v. Fairfield Resorts, Inc.*, 2006 WL 2631791 (E.D.Va. Sept. 11, 2006). Specifically, where a RICO cause of action is "brought along side other statutes, which like the FLSA, provide comprehensive remedies" there is no need for both claims. *See Id*. at *26 citing *Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634, 637-38 (2d Cir. 1989) (affirming dismissal of plaintiffs' RICO claims where Energy Reorganization Act provided the exclusive remedy for the

12

alleged underlying conduct). As *Norman* demonstrates, the Second Circuit also applies the reasoning that where another statute's remedy is sufficient, RICO claims may be dismissed. *Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634, 637-38 (2d Cir. 1989). Plaintiffs' attempts to divorce their FLSA claims from their RICO claims fails because they specifically allege, in their RICO cause of action, that Plaintiffs "sustained other loss of earnings in the form of unpaid wages, unpaid prevailing wages, unpaid overtime, unpaid prevailing per diem and mileage reimbursement." SAC ¶ 232. Their RICO claims are *based upon* this injury to Plaintiffs, injury that is inseparable from their FLSA claims.

Plaintiffs merely touch on the statute of limitations for RICO claims. Opp. at 25. They simply remind the Court that these claims are of an ongoing nature. The Corporate Comforce Defendants reiterate their position that any RICO claims arising prior to October 31, 2004 are time-barred.[3]

Furthermore, Plaintiffs fail to plead this cause of action with the requisite particularity under Fed. R. Civ. P. 9(b). They direct the Court to their voluminous statement of facts and suggest that the mere fact that "13 pages" of that statement is dedicated to RICO facts is sufficient. Plaintiffs direct the Court to pages 20-23 of the SAC which allege that no union representation was provided. No matter how many pages of vague statements and conclusory allegations Plaintiffs put forth, the quality of those statements is all that matters. Their allegations are devoid of identifications, dates, or specific statements as to how these claims relate to the Corporate Comforce Defendants. Plaintiffs also direct the Court to pages 30-40 of the SAC. Pages 30 – 32 are devoted almost entirely to quoting the CBA (which Plaintiffs now

---

3  The Corporate Comforce Defendants' invocation of the correct statute of limitations should not be construed, as Plaintiffs have done in their Opposition, as any concession by any of the Individual or Corporate Comforce Defendants that any RICO claim arose, if at all, after October 31, 2004.

assert is irrelevant).  Pages 33-37 contain numerous quotations by three Comforce Corp. employees, two of which are not named in this action, all on the same date and which were made, not to Plaintiffs but to the New York Unemployment Insurance Appeals Board.  The remainder of the statement to which Plaintiffs direct the court contains vague allegations of fraud extortion and racketeering – *none* with the requisite particularity.

To survive dismissal on this claim, Plaintiffs needed to point to 1) specific statements claimed to be false or misleading; 2) particulars as to how Plaintiffs contend the statements are fraudulent; 3) the time and place the statements were made; 4) identification of those responsible for the statements; 5) identification of the purpose of the mailing within the fraudulent scheme; and 6) allegations of facts that give rise to a strong inference of fraudulent intent.  *Moore and Parry v. PaineWebber, Inc.,* 189 F.3d 165 (2d Cir. 1999).  *See also* Opp. at 27.  Plaintiffs cite at length a surreptitiously taped conversation with Alan Whittaker, not a Comforce Corp. employee.  Plaintiffs claim that the Corporate Comforce Defendants' alleged RICO violations are "ongoing" (Opp. at 25), that the RICO violations are "numerous."  RICO statement at Q-5: A-a, A-b.  Plaintiffs do not provide dates on which Comforce allegedly made false statements to any Plaintiff.  They simply note that "these statements were made repeatedly over the course of many years to many if not all of the class plaintiffs."  Despite "numerous" and "repeated" statements "over the course of many years" Plaintiffs are not able to provide a *single date* on which a *single plaintiff* received a union card containing an allegedly fraudulent statement.  While they do offer a list of dates on which Plaintiff Eldred allegedly paid union dues, they do not provide a single date on which the allegedly fraudulent union cards were mailed.  They do not allege who received a union card.  They again ask for discovery to help them make their initial case.  Opp. at 28.

14

In fact, Plaintiffs punt – in the SAC and in their Opposition – on the first five *Moore and Parry* requirements, leaning on their vague and conculsory allegations in the SAC.  On the sixth required pleading element, facts giving rise to a strong inference of fraudulent intent, Plaintiffs again rely on their same vague allegations.  The mere fact that Eldred paid union dues and received union membership cards (Opp. at 28) does not satisfy the requirements.

Plaintiffs request, if this Court determines that their RICO cause of action lack particularity, an opportunity to further amend this cause of action.  Opp. at 32.  Plaintiffs have made clear, however, that they will not, absent discovery, be able to plead this cause of action with the requisite particularity.  Further amending their complaint – absent the discovery they seek – will not produce the additional detail they need.  Plaintiffs' RICO claim must fail.  This cause of action should be dismissed with prejudice.

## H.    Plaintiffs' Fourteenth Cause of Action Is Time-Barred and Fails to State a Claim Upon Which Relief Can Be Granted

Plaintiffs do not dispute that the statute of limitations for an action for conversion is three years.  N.Y.C.P.L.R. 214(3) (2008).  They do not dispute that a cause of action accrues as of the time of the alleged conversion, not as of its discovery.  *See Sporn v. MCA Records,* 58 N.Y.2d 482, 488-489 (N.Y. 1983).  While Plaintiffs argue that every instance of conversion "begins anew" the statute of limitations period, they offer no support for such a conclusion.  Any implication that a later conversion tolls the statute of limitations on an earlier one is incorrect.  In the event of multiple conversions, the date of latest conversion is applicable in determining whether a complaint is barred by time imitations.  N.Y.C.P.L.R. 214(3) (2008).  *See also Stanley v. Morgan Guar. Trust Co. of New York,* 173 A.D.2d 390 (N.Y. App. Div. 1991).  To the extent any of Plaintiffs' conversion claims accrued prior to October 31, 2005, those claims are time-barred and should be dismissed.

Plaintiffs, whose conversion allegations rest solely "upon information and belief" do not dispute that, at least "sometimes," the Corporate Comforce Defendants deducted union dues from Plaintiffs' paychecks *and sent those payments to CWA.* SAC ¶ 245. In doing so, the Corporate Comforce Defendants fulfilled their duty to "treat in a particular manner the specific money in question." *See Dover Ltd. v. A.B. Watley, Inc.,* 423 F.Supp.2d 303, 328 (S.D.N.Y. 2006). Because the Corporate Comforce Defendants did what they were obligated to do with Plaintiffs' union dues, Plaintiffs' cause of action for conversion should be dismissed.

## I. Plaintiffs' Fifteenth Cause of Action Is Time-Barred and Fails To State a Claim Upon Which Relief Can Be Granted

Plaintiffs do not disagree with the Corporate Comforce Defendants' argument that N.Y.C.P.L.R. 213(8) governs time limits on an action for fraud: six years from the date of the wrong or two years from the date that the fraud could reasonably have been discovered, whichever is later. N.Y.C.P.L.R. 213(8) (2008). From this statement alone, Plaintiffs arrive at the unsupported conclusion that their cause of action for fraud is timely. Plaintiffs' offhand dismissal of the statute of limitations is fatal to this cause of action. In fact, under either prong of the statute, Plaintiffs' fraud claim is untimely. Plaintiffs fail to address the specific analysis set forth in the Corporate Comforce Defendants' Moving Brief. Moving Brief at 23-25. Their fraud claim, therefore, should be dismissed.

As described in Point III, H, above, Plaintiffs base their fraud allegations simply on the length of their statement of facts. Again, outside of statements made by Alan Whittaker – not a Comforce Defendant - they cite no specific reference to any particular date, time, mailing, identification or other specific fact giving rise to their fraud claims against any Comforce Defendant. Plaintiffs virtually concede that they do not plead their fifteenth cause of action with the requisite particularity under Fed. R. Civ. P. 9(b). Yet again, Plaintiffs claim to require

16

extensive discovery to pass muster at the initial pleading level.  If they cannot make a claim that rises above the speculative level without discovery, they do not have a cause of action.  In the absence of that discovery – discovery they concede as necessary to build even an initial cause of action against the Corporate Comforce Defendants - which they explain "is uniquely in the hands of defendants themselves" (Opp. at 31) they ask for leave to amend their complaint again and file a *fourth* iteration of it.  This claim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Corporate Comforce Defendants respectfully request that their motion to dismiss the Amended Complaint in its entirety be granted with prejudice, together with such other and further relief as this Court deems just and proper.

Dated:    March 23, 2009                         Respectfully Submitted,
          Uniondale, New York

                                                 FARRELL FRITZ, P.C.


                                                 _____/s/_____
                                                 James M. Wicks
                                                 Bar No. 515397
                                                 Domenique C. Moran
                                                 Bar No. 302627
                                                 Lucia Bauknight
                                                 Bar No. 515396
                                                 *Attorneys for Defendants*
                                                 *COMFORCE CORP., and its subsidiary*
                                                 *companies Comforce Telecom, Inc.,*
                                                 *Comforce Information Technologies, Inc.,*
                                                 *Comforce Technical Services, Inc.,*
                                                 *Comforce Technical, LLC, Comforce*
                                                 *Operating, Inc., Sumtec Corp., and*
                                                 *Prestige-Comforce Professional Services*
                                                 1320 RexCorp Plaza
                                                 Uniondale, New York 11556

Interwoven\1017240.6