**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION**

---

ERIC J. ELDRED, JR., RICHARD BORDEN,
MATTHEW CAEZZA, BRIAN FRANK, and
MARK
MACLAURY on behalf of themselves
and those similarly situated,

                         Plaintiffs,

    -against-

COMFORCE CORP., d/b/a Comforce Telecom,
Inc., Sumtec Corp., and Prestige-Comforce
Professional Services; JOHN FANNING,
individually and in his capacity as Chairman and
Chief Executive Officer of Comforce Corp.;
HARRY MACCARRONE, individually and in his
capacity as Chairman and Chief Executive Officer
of Comforce Telecom, Inc., and Sumtec Corp.;
PETER PETIX, individually and in his capacity as
Vice President and General Manager of Comforce
Telecom, Inc.;

                         Defendants.

**MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS'
MOTION FOR
PRELIMINARY APPROVAL
OF SETTLEMENT AND
PLAINTIFFS' PROPOSED
NOTICE OF SETTLEMENT**

CIVIL CASE NO.:
3:08-cv-01171
LEK – DEP

_____

FLSA COLLECTIVE ACTION

and

CLASS ACTION

_____

## INTRODUCTION

It is important to note that defendants do not oppose plaintiffs' motion that this Court (1) grant preliminary approval of the settlement of the action; and (2) approve the official court notice of settlement of class action (the "proposed notice") and direct its distribution to class members.

Subject to the approval of this Court, the parties have agreed to settle the claims of plaintiffs and the similarly situated class members against defendants Comforce Corporation, John Fanning, Harry Maccarrone, and Peter Petix (collectively "defendants" or "Comforce") for $45,000. The proposed settlement resolves all claims of plaintiffs and class members in their third amended complaint against defendants.

## BACKGROUND

Plaintiffs and class members were hired by Comforce as telecommunications installers. The job locations where plaintiffs and those similarly situated worked for Comforce were located around the country. The jobs required them to travel to the work site and remain there for several days, weeks or months until the installation was completed, except for traveling home periodically if the duration of the job allowed. Plaintiffs allege that Comforce failed to pay proper travel time compensation for their travel to and from the job sites.

While working for Comforce, the plaintiffs and other similarly situated employees of Comforce had money deducted from their pay for union dues. Plaintiffs allege that they and other similarly situated Comforce employees never gave Comforce an

authorization for union dues to be withheld from their paychecks as required by New York Labor Law § 193 or other applicable state law.

## RELEVENT BACKGROUND

On October 31, 2008, plaintiff Eric J. Eldred, Jr. commenced *Eldred v. Comforce Corp., et. al.*, No. 3:08-cv-01171 ("*Eldred*") as a putative class action pursuant to Fed. R. Civ. P. 23 and as a collective action under 29 U.S.C. § 216(b), asserting claims under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL") based on Comforce Corporation's policy of failing to pay travel time and wrongfully withholding union dues. The complaint was amended three times and now includes other named plaintiffs, Richard Borden, Matthew Caezza, Brian Frank, and Mark Maclaury, and several other causes of action and parties were dismissed.

The parties have engaged in modest discovery to this point, only involving some exchange of documents. The defendants were prepared to take depositions of the named plaintiffs, however at that time, around September and October 2010, the named plaintiffs, except for Richard Borden, refused to appear for depositions or otherwise further participate in the litigation. There instruction to class counsel was to settle the case for as much as class counsel could obtain through negotiations.

## SUMMARY OF THE SETTLEMENT TERMS

The parties' counsel engaged in settlement discussions commencing in November 2010, and reached a tentative agreement shortly thereafter. Defendants have agreed to deposit a settlement fund of $45,000 into an escrow account maintained by a claims

{W0171204.1}                                    3

administrator.  The settlement amount reflects the amount of union dues withheld from class members according to the records of the defendants.  According to the settlement agreement, each eligible class member will be paid an equal share of the balance after the deduction of attorney fees, personal service awards for named plaintiffs and litigation costs and expenses, including the fees and expenses of the claims administrator.  The five named plaintiffs will receive a total of $2,000.00 in service payments in recognition of services rendered on behalf of the class.

## ARGUMENT

## POINT I

**PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT SHOULD BE GRANTED AS IT IS FAIR, REASONABLE, AND ADEQUATE IN LIGHT OF THE COSTS AND RISKS OF PROCEEDING TO TRIAL**

The proposed settlement ensures a fair and reasonable recovery for class members and avoids the costs and risks of protracted discovery and litigation and, therefore, preliminary approval should be granted.  *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974); *In re:  Prudential Securities*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995).  Furthermore, the standard for judicial approval of a collective action settlement under the FLSA is lower than for a Rule 23 settlement.  *See Hens v. Clientlogic Operating Corp.*, 2010 WL 5490833 at *2 (W.D.N.Y. 2010).

It is in the court's discretion whether to approve a proposed class action settlement.  *Maywalter v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998).  However, courts should give "proper deference to the private consensual decision of the parties."  *Clark v. Ecolab, Inc.*, 2009 WL 6615729 at *3 (S.D.N.Y. 2009) (citing

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988)). There is a "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa USA, Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).

Approval of a proposed class action settlement "generally involves a two-step process: preliminary approval and a subsequent 'fairness hearing.'" *In re Initial Public Offering Secs. Lit.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007). During the preliminary approval stage, the court reviews the proposed terms of the settlement and makes "a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Id*. at 87.

To evaluate the fairness, reasonableness, and adequacy of a proposed class action settlement, the Second Circuit has set forth nine factors that courts should consider:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). These factors are more fully evaluated at the fairness hearing following preliminary approval, where the court "can consider the submissions by proponents and potential opponents of the settlement and the reaction of class members." *In re: Prudential*, 163 F.R.D. at 210. For preliminary approval of a proposed class action settlement, the court needs only to find "that the proposed settlement fits within the range of possible approval." *Id*.

An initial review of the *Grinnell* factors indicates that the proposed settlement is within the range of possible approval. Full litigation of this action would involve extensive discovery and considerable legal fees and expenses. This matter involves novel

issues of law and would require complex litigation. This action is also in the early stages of discovery.

Furthermore, there will be difficulty in establishing liability and damages. With regard to the unpaid travel time claim, there is uncertainty in the law and defendants have a strong legal argument against plaintiffs' claims in that the class members were "employees" of the defendants only for the duration of the temporary job for which they were hired and not "employees" during breaks in between jobs, so that any time spent traveling from one job to the next occurred during a period that the class member was not actually an "employee" of the defendants. Also, initial discovery has illustrated that although the named plaintiffs may have significant damages, if liability was proven, the opt-in plaintiffs have minimal, and in many instances no, damages. This is because the defendants for the majority of the statutory period paid travel time for up to four hours and most of the opt-in plaintiffs never in fact traveled more than four hours to their jobs, so that they were paid for their travel time. Defendants have also indicated they would likely move to decertify the class if this action continues because of the named plaintiffs, expect for Richard Borden, failure to appear for depositions or otherwise participate in the litigation. The named plaintiffs have consented to settle and although the settlement may seem small, in light of the very real possibility that the entire case would be decertified and eventually dismissed, it is an acceptable settlement amount at this time.

## POINT II

### THE PROPOSED NOTICE OF SETTLEMENT SHOULD BE APPROVED AS IT DESCRIBES THE TERMS OF THE SETTLEMENT AND INFORMS CLASS MEMBERS OF THE PROCEDURE TO OPT-OUT

The proposed notice of settlement describes the terms of the settlement and informs class members of the procedures necessary to opt-out of the settlement. Therefore, the notice should be approved by this Court. *See* Fed. R. Civ. P. 23(c)(2)(B).

Pursuant to Rule 23(c)(2)(B), a class settlement notice must provide:

> the best notice practicable under the circumstances, including the individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature

of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on members under Rule 23(c)(3).

Such a settlement notice needs only to "describe the terms of the settlement generally" and must include "a general description of the proposed settlement." *In re: Michael Milken & Assoc. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993). The proposed notice of settlement here, attached as Exhibit A, satisfies this required standard. It apprises the class members of all significant terms of the settlement and affords them a reasonable opportunity to present any objections.

The settlement agreement provides that the proposed notice will be mailed by a third party class administrator to the last known address of each class member. Further, a follow-up notice will be provided to individuals not responding. Each class member will have the opportunity to submit opt-out requests or to object to the settlement terms. Accordingly, the proposed notice should be approved by this Court.

Dated:  February 8, 2011

          s/ Frank S. Gattuso, Esq.
          Bar no. 513636
          O'HARA, O'CONNELL & CIOTOLI
          Attorneys for Plaintiff
          7207 East Genesee Street
          Fayetteville, New York 13066
          (315) 451-3810

TO:   Domenique Camacho Moran, Esq.
      Lucia D. Bauknight, Esq.
      FARRELL FRITZ, P.C.
      *Attorneys for Comforce Defendants*
      1320 RexCorp Plaza
      Uniondale, New York 11556
      Ph. (516) 227-0700

      Richard E. Fish, Esq.
      DUNCAN, FISH & VOGEL, L.L.P.
      *Attorneys for Defendants Fanning, Maccarrone, and Petix*
      317 Middle Country Road
      Smithtown, New York 11787
      Ph. (631) 979-8001