**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION**

---

| | |
|---|---|
| ERIC J. ELDRED, JR., RICHARD BORDEN, MATTHEW CAEZZA, BRIAN FRANK, and MARK MACLAURY on behalf of themselves and those similarly situated,<br><br>                                   Plaintiffs,<br>     -against-<br><br>COMFORCE CORP., d/b/a Comforce Telecom, Inc., Sumtec Corp., and Prestige-Comforce Professional Services; JOHN FANNING, individually and in his capacity as Chairman and Chief Executive Officer of Comforce Corp.; HARRY MACCARRONE, individually and in his capacity as Chairman and Chief Executive Officer of Comforce Telecom, Inc., and Sumtec Corp.; PETER PETIX, individually and in his capacity as Vice President and General Manager of Comforce Telecom, Inc.;<br><br>                                   Defendants. | **PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT**<br><br>CIVIL CASE NO.:<br>3:08-cv-01171<br>LEK – DEP<br><br>_____<br><br>FLSA COLLECTIVE ACTION<br><br>and<br><br>CLASS ACTION<br>_____ |

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF
PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiff's Motion for

Preliminary Approval of Settlement and Approval of Plaintiffs' Proposed Notice of

Settlement, dated February 8, 2011 ("Motion").

{W0170917.1}

**Preliminary Approval of Settlement**

1. Based on the Court's review of Plaintiffs' Motion, Plaintiffs' Memorandum of Law in support of the Motion, the affidavit of Frank S. Gattuso, and the Stipulation of Settlement between the parties ("Stipulation of Settlement"), all of which are dated February 8, 2011, and all other papers submitted in connection with the Motion, the Court grants preliminary approval of the settlement memorialized in the Stipulation of Settlement.

2. The Court concludes that the proposed settlement is within the range of possible approval, such that preliminary approval and notice to the class are appropriate, and that the proposed settlement is the result of arm's length negotiation by the parties' respective counsel.

**Class Notice**

3. The Court approves the proposed class notice (the "notice") which is attached as Exhibit A to this order, and directs its distribution to the class.

4. The content of the notice fully complies with due process and Fed. R. Civ. P. 23.

5. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), the notice provides:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on members under Rule 23(c)(3).

6.  The Court approves, as to form and content, the Settlement Notice and finds that the mailing and distribution of the Settlement Notice substantially in the manner and form set forth in the Stipulation of Settlement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all persons in the Class, complying fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States and any other applicable laws.

7.  The Court hereby sets the following settlement procedures:

    a.  The parties have agreed that Rust Consulting will be the claims administrator and will agree as to the terms of retention of the claims administrator;

    b.  Defendants shall provide the claims administrator with a list, in electronic form, of the names, last known addresses, telephone numbers, and dates of employment of all class members (the "class list") within 30 days of the date of this Order:

    c.  The claims administrator shall mail the notice to class members within 30 days after receiving the class list;

    d.  Class members will have 30 days from the date of the notice is mailed to opt out of the settlement or object to it;

    e.  Plaintiffs will file a motion for final approval of settlement within 15 days before the fairness hearing;

    f.  The Court will hold the fairness hearing on _____, at _____ at the United States District Court for the Northern District of New York, 445 Broadway, Albany, New York, in Courtroom _____;

    g.  If the Court grants plaintiffs' motion for final approval of the settlement, the Court will issue a final order and judgment. If no party appeals the final order and judgment, the "effective date" of the settlement will be 30 days after the Court enters its final order and judgment;

    h.  Defendants shall deposit $45,000.00 into the interest-bearing escrow account created and controlled by the claims administrator within 10 business days of the Court's final order and judgment;

        i.        The claims administrator will disburse the settlement checks to the class members and attorneys' fees and expenses to class counsel within 5 days of the effective date; and

        j.        The parties shall abide by all other terms of the stipulation of settlement.

It is SO ORDERED this ____ day of _____, 2011

_____
Honorable Lawrence E. Kahn
United States District Judge

{W0170917.1}

4